IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS NOVEMBER 13, 2000

## DRY TECH, INC. v. KENT RIDDLE, D/B/A NU STEAM

**Direct Appeal from the Chancery Court for Sumner County**
**No. 99C-316; The Honorable Tom E. Gray, Chancellor**

_____

**No. M2000-01411-COA-R3-CV - Filed March 13, 2001**

_____

This appeal arises from a breach of contract and/or quantum meruit action filed by the Appellee against the Appellant in the Chancery Court of Sumner County. The Appellant filed a counterclaim against the Appellee. The Appellant served upon the Appellee a request for admissions. The Appellee failed to respond within thirty days. The Appellant moved the trial court to enter an order deeming the matters contained in the request for admissions to have been admitted by the Appellee. The trial court denied the Appellant's motion and entered a judgment in favor of the Appellee on the complaint. The trial court entered a judgment in favor of the Appellant on one of the claims of the counterclaim and dismissed the other two claims.

The Appellant appeals from the denial of its motion regarding the request for admissions by the Chancery Court of Sumner County. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Lawrence H. Hart, for Appellant

Jay R. Slobey, for Appellee

### OPINION

### I.  Facts and Procedural History

On November 9, 1999, the Appellee, Dry Tech, Inc. ("Dry Tech"), filed a complaint for breach of contract in the Chancery Court of Sumner County against the Appellant, Kent Riddle d/b/a Nu Steam ("Riddle"). On December 16, 1999, Riddle filed an answer. Dry Tech filed an amended complaint to include a theory of quantum meruit on January 18, 2000. On February 28, 2000, Riddle

filed an answer and counterclaim to the amended complaint. On April 13, 2000, Dry Tech filed an answer to the counterclaim.

On February 26, 2000, Riddle served on Dry Tech a request for admissions regarding work alleged in the counterclaim. On April 4, 2000, Dry Tech filed a motion for allowance to depose a witness telephonically. On April 7, 2000, Riddle filed two motions. The first motion was a response to Dry Tech's motion for telephonic deposition. The second motion was a motion regarding the request for admissions. Riddle moved the trial court for an order providing that the matters contained in the request for admissions be deemed admitted by Dry Tech pursuant to Rule 36 of the Tennessee Rules of Civil Procedure. Also on April 7, 2000, Dry Tech served upon Riddle responses to the request for admissions. Dry Tech denied the matters in the request for admissions and stated in response to Riddle's motion that "counsel was waiting for additional information from Plaintiff's owner prior to filing a response to the Defendant's Request for Admissions."

By agreement of Dry Tech and Riddle, Dry Tech's motion for a telephonic deposition was stricken, and Riddle's motion regarding the request for admissions was scheduled to be heard immediately prior to trial on April 17, 2000. Riddle raised three issues in support of its motion: (1) whether Dry Tech filed a timely response to the request for admissions; (2) whether late filing of the responses cured Dry Tech's failure to comply with Rule 36; and (3) whether Dry Tech would have been entitled to relief if it had made a timely application to the trial court. The trial court denied Riddle's motion. After denying Riddle's motion, the trial on the merits ensued. The trial court entered an order on May 4, 2000, awarding judgment on the complaint and pre-judgment interest to Dry Tech in the amount of $10,166.71. Regarding Riddle's counterclaim, the trial court awarded a set-off on one of the claims to Riddle in the amount of $2,640.00 and dismissed the other two claims. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. RULE 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

Riddle raises the following issues on appeal for our review: (1) whether the trial court erred in denying Riddle's motion based upon the procedural requirements established in Tennessee Dept. of Human Services v. Barbee, 714 S.W.2d 263 (Tenn. 1986); (2) whether the trial court erred in denying Riddle's motion because Dry Tech failed to timely respond as required by Rule 36; and (3) whether the trial court erred in denying Riddle's motion because Dry Tech's late filed responses did not cure its failure to comply with Rule 36. Dry Tech also raises an issue for our review: (4) whether

Riddle's appeal is frivolous pursuant to section 27-1-122 of the Tennessee Code. We will examine each of these issues in turn.

The first issue presented for our review is whether the trial court erred in denying Riddle's motion based upon the procedural requirements established in <u>Tennessee Dep't. of Human Services v. Barbee</u>, 714 S.W.2d 263 (Tenn. 1986). Pursuant to Rule 36 of the Tennessee Rules of Civil Procedure:

> [a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02 set forth in the request that relate to statements or opinions of fact . . . . The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, *but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint made upon the defendant. . . .*

TENN. R. CIV. P. 36.01 (emphasis added).

In the case at bar, Riddle served its counterclaim and request for admissions upon Dry Tech on February 26, 2000. Under Rule 36.01 of the Tennessee Rules of Civil Procedure, Dry Tech was not required to serve answers or objections to the request for admissions before the expiration of forty-five days after service of the summons and complaint unless the trial court shortened the time. Forty-five days after service of the summons and complaint was April 11, 2000. Dry Tech filed its answers to the request for admissions on April 7, 2000. There is no evidence that the trial court shortened the time for responding or objecting to the request for admissions in accordance with Rule 36.01. Dry Tech properly responded to the request for admissions relating to the counterclaim within the forty-five day requirement under Rule 36.01. Thus, Riddle's motion to have the matters deemed admitted because Dry Tech failed to respond to the request for admissions within thirty days was without merit.

The trial court denied Riddle's motion because it found that Riddle failed to comply with the procedural requirements established in <u>Barbee</u>. Although we reach the same result as the trial court, but for a different reason, this does not present a problem. "Where a trial judge has reached the correct result, it will not be reversed because he may have predicated it on an erroneous reason." <u>Pearson v. Garrett Fin. Servs., Inc.</u>, 849 S.W.2d 776, 780 (Tenn. Ct. App. 1992). The judgment may simply be affirmed on the proper basis. <u>See Allen v. National Bank</u>, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992). Accordingly, we find that the trial court did not err in denying Riddle's motion.

Finally, we address DryTech's argument that Riddle's appeal is frivolous under section 27-1-122 of the Tennessee Code. Tennessee law permits any reviewing court to award damages for a frivolous appeal:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

TENN. CODE ANN. § 27-1-122 (2000).
A frivolous appeal is one that is devoid of merit or has no reasonable chance of succeeding. See Combustion Eng'g, Inc. v. Kennedy, 562 S.W.2d 202, 205 (Tenn.1978); Davis v. Gulf Ins. Group, 546 S.W.2d 583, 586 (Tenn. 1977); Jackson v. Aldridge, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); Industrial Dev. Bd. v. Hancock, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Determining whether to award damages based on a frivolous appeal is a discretionary decision. See Banks v. St. Francis Hosp., 697 S.W.2d 340, 343 (Tenn.1985).

DryTech argues that it should be awarded damages, including reasonable attorney's fees and costs, because Riddle's appeal is frivolous. We do not deem this to be an appropriate case for imposition of sanctions for a frivolous appeal and, therefore, respectfully deny Dry Tech's request in this regard.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Kent Riddle d/b/a Nu Steam, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-4-