**TENNESSEE DEPARTMENT OF HUMAN SERVICES, Assignee of Yvonne Coleman, Plaintiff-Appellee,**

v.

**J.B. BARBEE, Defendant-Appellant.**

Supreme Court of Tennessee, at Jackson.

July 21, 1986.

Harvey M. Yaffe, Memphis, for defendant-appellant.

W.J. Michael Cody, Atty. Gen., Dianne Stamey, Asst. Atty. Gen., Nashville, Harold W. Horne, Memphis, for plaintiff-appellee.

DROWOTA, Justice.

The sole issue before us involves the use, application, and procedures to be used with Rule 36, T.R.C.P., "Requests for Admission."

A brief history of this protracted litigation is deemed necessary. On October 27, 1977, the Tennessee Department of Human Services, as an assignee of Yvonne Coleman, filed a petition to establish paternity against the Defendant, J.B. Barbee. The petition avers that the Defendant is the natural father of Cedric Jerome Coleman, born February 19, 1970.

On September 14, 1978, requests for admission of facts by Defendant were filed by Plaintiff in the Circuit Court of Shelby County pursuant to Rule 36, T.R.C.P. On the same date, Plaintiff's first set of interrogatories was propounded to Defendant pursuant to Rule 33, T.R.C.P. Counsel attempted to serve the request and interrogatories upon the Defendant; however, they were returned to counsel by the Post Office. On October 26, 1979, the case was set in open court for trial commencing on January 23, 1980. No appearance had been made by defense counsel at that time and no order was entered setting the case for trial. A month later, on November 26, 1979, the Defendant, by his attorney, filed an answer to the petition denying that he was the father of Cedric Jerome Coleman. An unfortunate series of events then occurred. The clerk's office failed to notify defense counsel that the case had been set for trial on January 23, 1980. On December 11, 1979, Plaintiff's counsel wrote Defendant's counsel the following letter:

I understand that you now represent Mr. J.B. Barbee in this paternity case. This case is set for trial on Wednesday, January 23, 1980 in Division II of the Circuit Court. We anticipate being ready for trial on that date.

We are enclosing a letter together with a set of interrogatories and requests for admissions of fact which have been previously filed with the Circuit Court. The copies which we have enclosed were sent to Mr. Barbee and returned to us by the Post Office. I would appreciate your taking care of these prior to the start of trial.

Defendant's counsel did not receive the above letter, for he left the country in December 1979 and was out of the country on the date of trial. On January 23, 1980, neither the Defendant nor his attorney appeared for trial and the court entered a default judgment, decreeing that the Defendant was the father of Cedric Jerome Coleman. The first time Defendant's counsel learned of the default judgment was on May 2, 1980, when the Defendant informed counsel that he had received a bill of costs. On that same date, a "Motion to Set Aside the Judgment" was filed. On May 9, 1980, the trial court heard Defendant's motion to set aside the default judgment, and the court sustained the motion and granted the Defendant a new trial. Plaintiff's application for Extraordinary Appeal was subsequently denied by the Court of Appeals and this Court.

On February 5, 1981, Plaintiff filed a second set of interrogatories. On March 23, 1981, Plaintiff filed a motion to compel the Defendant to answer the second set of interrogatories. On May 5, 1981, Defendant replied to Plaintiff's second set of interrogatories. On May 22, Defendant filed his first set of interrogatories propounded to Plaintiff and Plaintiff answered these on July 22, 1981. On July 15, 1981, the Defendant's deposition was taken. No motion was ever filed regarding the requests for admission or first set of interrogatories filed in September 1978.

A jury trial was held on September 24, 1981, and the jury returned a verdict in favor of the Defendant and against the Plaintiff. At trial, Plaintiff made a motion that the court charge the jury on the requests for admission of facts filed by Plaintiff September 14, 1978, some three years earlier. The trial court overruled the motion, but "did allow the Plaintiff to put in its argument to the jury certain facts which were not specifically denied in Defendant's answer or his interrogatories."

Plaintiff appealed, assigning as error: (1) the trial court's granting of Defendant's motion to set aside the default judgment, (2) the trial court's refusal to allow the assignee's minor child, claimed to be the son of Defendant, to testify, notwithstanding the finding by the trial court that this young man was a competent witness, and (3) the trial court's refusal to charge Plaintiff's special request to instruct the jury pertaining to unanswered requests for admissions submitted by Plaintiff to Defendant.

On appeal, the Court of Appeals pretermitted the second and third issues which pertained to the September 24, 1981 trial, and held that the trial court erred in setting aside the default judgment. We granted Defendant's Rule 11 Application and reversed the Court of Appeals, holding "that there was sufficient evidence before the trial court to support his decision to vacate the default judgment" and "that the trial court did not abuse its discretion in ... permitting this cause to be tried on its merits." *Tennessee Dept. of Human Services v. Barbee*, 689 S.W.2d 863, 867 (Tenn. 1985). We remanded the cause to the Court of Appeals so that it could consider the two remaining issues raised by Plaintiff which had been pretermitted.

■ Upon remand, the Court of Appeals reversed the trial court and remanded the case for a new trial. The Court of Appeals held that the trial court erred in refusing to allow the assignor's minor child to testify when it had found that the child was a competent witness. Following questioning by Plaintiff's counsel and the court, the trial court found that the minor child, eleven and a half years of age, was competent to testify under T.C.A. § 24–1–101. However, the trial court refused to allow the testimony or allow the child to be present in the courtroom because this was a paternity case and it would be prejudicial to the Defendant's case. The Court of Appeals found this case distinguishable from *Cook v. State*, 172 Tenn. 42, 109 S.W.2d 98 (1937), and we agree. In this case, the child was mature enough to be found competent to testify. The child was not offered as demonstrative evidence of the similarity between his features and the Defendant's. The child was offered as an oral

witness to testify as to his relationship to Defendant, not as demonstrative evidence. The offer of proof in the record shows that the child's testimony was not cumulative and was probative in value. We affirm as to this issue.

We granted Defendant's Rule 11 Application only as to the issue pertaining to the failure of Defendant to respond to Requests for Admissions (Rule 36, T.R.C. P.). Rule 36 is a useful tool in the preparation of a lawsuit, for it provides a procedure by which a party may request another party to admit the truth of any matters within the scope of Rule 26.02, T.R.C.P. Unlike other forms of discovery, requests to admit under Rule 36 primarily involve the elimination of undisputed matters, rather than the ascertainment of facts. Admissions should facilitate the proof at trial by weeding out the facts and items of proof over which there is no dispute. Thus all issues as to which there can be no controversy in good faith should be eliminated. Admissions were designed to reduce trial time by limiting and narrowing the issues. Unanswered requests for admission are deemed admitted and the matter requested is conclusively established for the purposes of the pending case. The admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial.

At trial, Plaintiff's counsel, relying on *Scarborough v. City of Lewisburg*, 504 S.W.2d 377, 381 (Tenn.App.1973), submitted a special jury request to the trial court stating in essence that the facts sought to be admitted were to be treated by the jury as admitted. In *Scarborough*, when the Defendant failed to answer requests for admissions, the court suggested that Plaintiff's course of action should be to ask for a special jury instruction. The Court of Appeals in this case was of the opinion that the trial court erred in failing to give the special request. We disagree. If this had been a proper Rule 36 admission, then the trial court should have directed a verdict in Plaintiff's favor on the issue of paternity. The procedures suggested in *Scarborough*

need to be modified because *Scarborough* was decided prior to the July 1, 1979, amendments to Rule 36. Rule 36.02 now reads that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." In 1970, Federal Rule 36(b) was amended using the identical language. The Advisory Committee Note to the 1970 amendments of Rule 36(b) states in part: "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." 48 F.R.D. at 534. Prior to the 1970 amendment to Rule 36, Federal Courts seemed to ignore the distinction between evidentiary admissions and judicial admissions. "The salutary function of Rule 36 in limiting the proof would be defeated if the party were free to deny at the trial what he has admitted before trial.... A judicial admission, deliberately drafted by counsel for the express purpose of limiting and defining the facts in issue, is traditionally regarded as conclusive, and an admission under Rule 36 falls into this category." Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 2264 at pp. 742–743.

Unlike responses to other discovery procedures which are evidentiary and are obtained for the purpose of introduction at trial and subject to contradiction at trial, a Rule 36 admission, unless it is allowed to be withdrawn or amended, concludes the matter and avoids any need for proof at trial.

Procedurally, admissions under Rule 36 should be brought to the trial court's attention through one of three methods: at a pretrial conference where issues may be eliminated or narrowed, on motion for summary judgment (Rule 56, T.R.C.P.), or by specific motion dealing with the requested admissions. Rule 56.03 states that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and *admissions* on file, together with the affida-

vits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (emphasis added.) Rule 56.04 states that "the court at the hearing on the motion ... shall, if practicable, ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, ... Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." Thus it can be seen that by pretrial order or order on summary judgment a party may be relieved of the cost of proving facts that will not be disputed at trial. This is one of the primary purposes of Rule 36. No evidence is necessary to establish a fact admitted, and no evidence should be permitted to refute it.

Plaintiff's counsel stated in his letter of December 11, 1979, to Defendant's counsel that the requests "were sent to Mr. Barbee and returned to us by the Post Office. I would appreciate your taking care of these prior to the start of trial." As discussed earlier in this opinion, Defendant's counsel did not receive the above correspondence as he was out of the country in December 1979 and on January 23, 1980, when the case was set and a default taken. Defendant's counsel was thus unable to take "care of these [admissions and interrogatories] prior to the start of trial." The trial was held on January 23, 1980, and the trial court's order states: "Based upon the testimony of Yvonne Coleman given in open Court under oath, it was the finding of the Court that the Defendant was the natural father of Cedric Jerome Coleman, born February 19, 1970, and that pursuant to T.C.A. 36–227, Plaintiff was entitled to a default judgment." It does not appear that Plaintiff relied upon the admissions at the trial on January 23.

On February 5, 1981, Plaintiff filed a second set of interrogatories which were answered by Defendant. These answers to interrogatories specifically denied many of the requested admissions filed in September 1978. Defendant denied he was the father of the child in his answer of November 26, 1979, in his responses to the interrogatories, in his deposition, and at trial. If Plaintiff were, in fact, relying on the September 1978 admission, this issue should have been brought to the trial court's attention, either at a pretrial conference, on motion for summary judgment, or a specific motion dealing with the requested admissions.

■ One of the primary purposes of Rule 36 is to save a party the time and expense of adducing proof on conceded issues. In this case, the issue concerning who was the father of the child was denied by Defendant in his answer before the request for admission had been served upon him or directed to his counsel's attention. There is no showing that Plaintiff was prejudiced or misled, because Defendant denied paternity from the very beginning.

If the admissions of September 1978 were in fact judicial admissions, there would have been no reason to try this paternity case. For the admissions resolved all issues in controversy and Defendant would not have been allowed to refute the admissions.

Under the highly unusual circumstances of this case, in order to be certain that the failure to respond would be binding on the Defendant so that Plaintiff need not prepare evidence for trial on the issue involved, Plaintiff should have sought an order deeming the issues to be admitted.

■ Rule 36, which was promulgated to eliminate and narrow the issues and relieve the party seeking the admissions from proving admitted facts, was waived by Plaintiff when she proceeded to trial and attempted to prove the very issues that were the subjects of the requests for admissions. Any reliance on the admissions by Plaintiff was waived when she failed to seek guidance in the trial court on the status of her Rule 36 requests prior to trial.

This case is remanded to the Circuit Court of Shelby County for a new trial in accordance with the principles laid down in this opinion. Costs in this cause are taxed equally between the parties.

BROCK, C.J., and FONES, HARBISON and COOPER, JJ., concur.