IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief October 23, 2000

# JERRY MANESS, ET UX. v. CHARLES WOODS, SHERIFF OF HENDERSON COUNTY, TENNESSEE, ET AL.

**Direct Appeal from the Circuit Court for Henderson County**
**No. 96-006     Roger A. Page, Judge**

---

**No. W2000-01049-COA-R3-CV - Filed January 10, 2001**

---

This is an appeal by Plaintiffs from a grant of summary judgment in favor of Defendants. Plaintiffs sued to recover property which they claim was wrongfully seized by employees of the Defendant. Defendants filed a request for admissions which included an admission that the property seized did not belong to Plaintiffs. Plaintiffs failed to timely respond and thus the admission was conclusively established. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and HOLLY K. LILLARD, J., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellants, Jerry Maness and Patty Maness.

James I. Pentecost and Andrew V. Sellers, Jackson, Tennessee, for the appellees, Charles Woods, Sheriff of Henderson County, Tennessee, and Henderson County, Tennessee.

**OPINION**

This is an appeal by Plaintiffs, Jerry Maness and wife, Patty Maness, from an order of the trial court granting summary judgment in favor of the defendants. Plaintiffs filed a petition for return of property and damages pursuant to T.C.A. § 40-17-118 (1997).[1] Plaintiffs allege that in January

---

[1]**Confiscated stolen property.** – (a) Personal property confiscated as stolen property by a lawful officer of the state, a county or a municipality of the state to be held as evidence of a crime shall be promptly appraised, catalogued and photographed by the law enforcement agency retaining custody of the property.

(b) The lawful officer of the state, county or municipality, in order to detain the property from the lawful owner, for whatever reason, more than thirty (30) days, shall show cause to the judge having jurisdiction over the property by petition filed by the district attorney general upon five (5) days' notice to the property owner why the property should

(continued...)

of 1995 members of the Henderson County Sheriff's Department unlawfully entered the Plaintiffs' home without a search or seizure warrant and, without the permission of the Plaintiffs, took various items of personal property which were listed as an exhibit to the complaint. Plaintiffs sought an accounting by Defendants for the property listed, that it be returned to them, and also sought damages for the destruction or loss of said items of property. The petition was filed on January 12, 1996. On August 6, 1998, Defendants filed a motion to dismiss for failure to prosecute stating that Plaintiffs had pursued no action in this matter since the filing of the petition. The record before us does not indicate any action taken by the trial court on Defendants' motion. On or about August 5, 1998, Defendants' counsel served upon Plaintiffs' counsel a request for admissions pursuant to Rule 36 of the Tennessee Rules of Civil Procedure.[2] The request for admissions are as follows:

1. That I, Jerry Maness, voluntarily and knowingly signed a written consent authorizing deputies of the Decatur County Sheriff's Office to search my premises at Route 1, Box 369, Decaturville, Decatur County, Tennessee on January 13, 1995.

2. That the document attached to this Request, identified "Exhibit A to Defendants' First Request for Admissions" and hereinafter referred to as "Exhibit A," is a true and correct copy of the waiver form referred to above in Request for Admission No. 1.

3. That the signature "Jerry Maness" on Exhibit "A" is my signature.

4. That Decatur County Sheriff's Office deputies searched my premises and seized property subsequent to my voluntarily and knowingly granting permission for this search by signing a written consent on January 13, 1995.

5. That the document attached to this Request, identified as "Exhibit B to Defendant's First Request for Admissions" and hereinafter as Exhibit "B," is a copy of a valid Search Warrant, issued to Decatur County Sheriff's Office Deputies for the premises of Jerry Maness on January 12, 1995, by the Circuit Court of Decatur County.

---

[1](...continued)
be further detained. The court may grant or refuse the requested impounding order upon such terms and conditions as are adjudged to be proper.

(c) The state, county and/or municipal authority holding the property shall be responsible for the return of the property to the lawful owner and shall be liable in damages to the owner of the property in the event of damage or destruction occasioned by the delay in the return of the property.

T.C.A. § 40-17-118 (1997).

[2]A copy of the request for admissions is attached as an appendix to the Appellees' brief but Appellants do not dispute that this occurred. In fact, Appellants' brief concedes that they did not timely respond to the request for admissions.

6.     That the law enforcement officials seizing the property in question from my premises as a consequence of the search on January 13, 1995, properly and promptly appraised, catalogued, and photographed and [sic] the property after they removed it from my premises.

7.     That the property seized by the officials (hereinafter "property") rightfully belongs to neither me, my wife, (Patty Maness), nor any other member of my family or household.

8.     That neither I nor my wife nor any other member of my household or family are serving in any capacity in any bailment relationship with any rightful owner of any of the property.

9.     That I assert rightful ownership of the following seized property:

10.     That I can prove my rightful ownership of the property listed in Admission No. 9 in the following manner(s):

11.     That the seizing officers did comply with and satisfy the requirements of Tenn. Code Ann. §40-17-118.

12.     That I assisted law enforcement officials in criminal investigation efforts in Decatur and Henderson County in exchange for consideration given against any prosecution pursued against me as a consequence of the search conducted of my premises by Decatur County Sheriff's Office deputies on January 13, 1995 and/or a search conducted on my premises in November, 1994.

13.     That while participating as a confidential informant with law enforcement agencies as described in **Admission No. 4**, the District Attorney General office for Decatur County, Tennessee, did not pursue charges against me for any charges arising from the search of my premises and subsequent seizure of property on January 13, 1995.

14.     That as of the date of my answering this Request, I have not been charged with violation of any criminal law of the State of Tennessee as a consequence of the search conducted on my premises on January 13, 1995.

15.     That on July 25, 1996, I entered a guilty plea to the federal charge of felon in possession of firearm.

16.     That my original report date to the Bureau of Prisons for the conviction in the federal charges was postponed due to my activities as an undercover operator in Decatur and Henderson Counties.

Defendants filed a motion for summary judgment on August 23, 1999, accompanied by a memorandum in support of the motion and, pursuant to Rule 56.03 Tenn. R. Civ. P., facts not in dispute in support of said motion.

On November 30, 1999, Plaintiffs filed the affidavit of Jerry Maness which states in part that "I did not steal the property taken from me. I and my wife lawfully own the property listed in the complaint." On February 3, 2000, Defendants filed a Second Motion To Deem Facts Admitted And/Or In The Alternative, Motion For Sanctions. The motion recites that, on or about August 23, 1999, the Defendants filed a motion for summary judgment. On the same date, Defendants also filed their Certification to Deem Request for Admissions Admitted. The motion further recites that the request for admissions had originally been propounded upon the Plaintiffs on April 5, 1998, and, at the time the Defendants filed their motion for summary judgment, Plaintiffs had not responded to the request for admissions and therefore they were deemed admitted pursuant to Rule 36. Plaintiffs did not timely answer the request for admissions nor did they file an objection with the court.

The motion further states that on December 3, 1999, Plaintiffs' counsel stated before the trial court that the request for admissions had not been answered due to the fact that Plaintiff Jerry Maness was in prison when the request for admissions were received, but did not explain why Plaintiff Patty Maness did not respond to the request for admissions. The motion further recites that on January 18, 2000, the trial court instructed the Plaintiffs to formally respond to the request for admissions by filing a motion to permit withdrawal or amendment of the admissions, pursuant to Rule 36.02, with attached written responses to the request for admissions by February 1, 2000. On January 27, 2000, Defendants' counsel received the Plaintiffs' responses to the request for admissions. These responses were not attached to a motion to permit withdrawal or amendment of the admissions, and, to the Defendants' knowledge, no such motion has been filed with the trial court.[3] The affidavit of one of Defendants' attorneys was filed with said motion.

On February 4, 2000, Plaintiffs filed a "Motion To Extend Filing Deadline And Response To Defendants' Second Motion To Deem Facts Admitted And/Or In The Alternative Motion For Sanctions."[4]

On March 30, 2000, the trial court entered an order denying withdrawal or amendment of the deemed admissions, stating that withdrawal or amendment of the deemed admissions would not promote the presentation of the merits and would unfairly prejudice the Defendants and ordering that Defendants' request for admissions are hereby deemed admitted and the facts contained therein are conclusively established. On that same day, the trial court entered an order of final judgment granting Defendants' motion for summary judgment and this appeal resulted. The sole issue on appeal is whether the trial court erred in granting summary judgment.

---

[3] The record before us does not contain a motion to permit withdrawal or amendment of the admissions.

[4] The record before us contains only the first page of this motion.

Pursuant to Rule 36.01 Tenn. R. Civ. P., a party may serve upon any other party a written request for the admission of the truth of any matters within the scope of Rule 26.02 set forth in the request that relate to statements or opinions of fact. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Admissions pursuant to Rule 36 may be brought to the trial court's attention on motion for summary judgment. *See Neely v. Velsicol Chem. Corp.*, 906 S.W.2d 915, 917 (Tenn. Ct. App. 1995). Requests for admissions that are unanswered are deemed admitted. *Tennessee Dept. of Human Servs. v. Barbee*, 714 S.W.2d 263, 266 (Tenn. 1986). *Barbee* held that an admission under Rule 36, unlike an evidentiary admission, "concludes the matter and avoids any need for proof at trial." *Id*. at 266. Thus, no proof is necessary to establish a fact admitted, nor should evidence be allowed to refute the admission. *See id*. at 267.

In summary, Defendants served a request for admissions on August 5, 1998. Plaintiffs did not respond within 30 days as required by Rule 36.01, nor did they request additional time. Not until over a year later, November 30, 1999, was the affidavit of Mr. Maness filed averring that he and his wife are the lawful owners of the seized property. Notwithstanding the requirements of Rule 36.02, Plaintiffs did not file a motion seeking permission of the court to withdraw or amend the admissions, despite the fact the unanswered request for admissions were deemed admitted and the matter requested conclusively established. *See Barbee*, 714 S.W.2d at 266. Not until February 4, 2000, did Plaintiffs file a Motion To Extend Filing Deadline And Response To Defendants' Second Motion To Deem Facts Admitted And/Or In The Alternative, Motion For Sanctions. Rule 36.02 provides that the trial court may permit withdrawal or amendment. The trial court's order of March 30, 2000, denying Plaintiffs' motion states that "[f]rom all of which it appears to the Court that withdrawal or amendment of the Deemed Admissions will not promote the presentation of the merits and would unfairly prejudice the Defendants."

In reviewing this record, we do not find that the trial court abused its discretion in denying Plaintiffs' motion given the length of time that lapsed between the request for admissions and the filing of the motion. Consequently, we do not find that the trial court erred in granting summary judgment in favor of the Defendants as ownership of the property is dispositive of Plaintiffs' lawsuit. Plaintiffs concede in their brief that no document formally responding to the request for admissions was filed prior to February 4, 2000. They argue in their brief before this court that the purpose for summary judgment is not to abate the docket of the trial court, but to weed out cases for trial in which there is no genuine issue of fact. We agree that the summary judgment procedure is not designed to abate the docket of the trial court. As our supreme court said in *Barbee*, "[a]dmissions were designed to reduce trial time by limiting and narrowing the issues." *Id*. at 266. In this case, some 18 months passed from the time that the Plaintiffs were served with the request for admissions and their motion to extend the filing deadline. The record before us does not demonstrate just cause for such undue delay.

The judgment of the trial court granting summary judgment is affirmed.  Costs of this appeal are taxed to Jerry Maness and Patty Maness, and their surety, for which execution may issue if necessary.


                                   _____

                                   DAVID R. FARMER, JUDGE