

**FILED**
**Oct 17, 2018**
**02:35 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **JAMARQUIS DONALD,** | ) | **Docket No. 2017-08-1406** |
| **Employee,** | ) | |
| **v.** | ) | |
| **IDEAL CHEMICAL AND SUPPLY CO.,** | ) | **State File No. 78159-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **BRIDGEFIELD CASUALTY INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court on October 9, 2018, on Ideal's Motion for Summary Judgment. The central legal issue is whether Ideal is entitled to summary judgment because Mr. Donald intentionally violated a safety rule. For the following reasons, the Court holds Ideal is entitled to summary judgment and dismisses Mr. Donald's claim.

### History of Claim

On October 10, 2017, Mr. Donald was sprayed in the face and eyes by a caustic chemical when attempting to disconnect a hose from a tanker. Ideal did not contest the incident or Mr. Donald's medical treatment. Instead, Ideal denied the claim on grounds that he intentionally violated a safety rule, an affirmative defense under Tennessee Code Annotated section 50-6-110(a), by not wearing safety glasses or using a protective shield over his face.

### Procedural History

Mr. Donald filed a Petition for Benefit Determination for medical and temporary disability benefits. When the parties could not resolve the dispute, the mediating specialist filed a Dispute Certification Notice on April 5, 2018, listing the safety rule violation as a defense.

1

Thereafter, Ideal served discovery on Mr. Donald on May 14, including requests for admissions. On July 2, after the discovery went unanswered, Ideal filed a motion to compel. Because Mr. Donald did not respond to the motion, the Court considered it unopposed under Practices and Procedures Rule 4.02, and pursuant to Tennessee Compilation Rules & Regulations 0800-02-21-.16(2) decided it on the written materials. The Court ordered Mr. Donald to answer interrogatories and requests for production by July 30.

On July 25, Ideal filed a "Motion to Deem Employer's Requests for Admissions to Employee as Admitted," asserting that Mr. Donald had not responded to the requests served on May 14. Mr. Donald did not respond to that motion. On August 8, the Court granted it, holding that Tennessee Rules of Civil Procedure 36 does not specifically provide for an order deeming requests admitted, but the rule deems requests admitted if they remain unanswered more than thirty days from service.

On August 24, Ideal filed this Motion for Summary Judgment. On October 2, Mr. Donald filed a response and contemporaneously filed a motion to permit withdrawal or amendment of the admissions, along with a motion to continue the Expedited Hearing set for October 15. On October 9, he filed answers to the interrogatories and requests for production ordered by the Court to be answered by July 30.

## Summary Judgment Hearing

At the hearing, the Court continued an expedited hearing set on October 15 pending resolution of the summary judgment. The Court also determined that Mr. Donald's motion to withdraw admissions bore directly on the summary judgment motion. For judicial economy, and by the parties' consent, the Court heard argument on both that motion and the motion for summary judgment.

## Ideal's Position

In opposing Mr. Donald's motion to withdraw, Ideal argued Mr. Donald's mere failure to answer the requests did not justify allowing their withdrawal. It said the purpose of serving the requests was to "narrow down" the facts at issue. Further, Ideal's counsel pointed to correspondence to Mr. Donald's counsel two weeks before filing the motion. That correspondence, which produced no response, inquired if the answers were forthcoming.

As to the summary judgment, Ideal asserted the following undisputed material facts with citations to the record:

1. Employee sustained injuries on October 10, 2017, when he was sprayed in his face and eyes while disconnecting a chemical hose.

2

2. The Dispute Certification Notice issued by the Department of Labor on April 5, 2018, identified disputed issues as "Compensability," "Medical Benefits," and "Temporary Disability Benefits."
3. On August 8, 2018, the Court ordered that the matters addressed in Employer's Requests for Admissions are to be deemed admitted by operation of Tennessee Rule of Civil Procedure 36, and that Employer may introduce said Requests for Admissions at any hearing of the matter in accord with the Court's Order.
4. Employer consistently enforced safety rules pertaining to the use of Personal Protective Equipment ("PPE"), and Employee was aware that violation of these safety rules could result in disciplinary action.

Ideal argued these facts conclusively established Mr. Donald violated a safety rule in contravention of Tennessee Code Annotated section 50-6-110(a), which prevented his recovery of benefits. It pointed specifically to the following material facts as established by the admissions:

- Ideal required all drivers to attend hazardous materials regulation training and regular safety meetings where rules and procedures regarding PPE were discussed;
- Mr. Donald attended and completed training classes regarding hazardous materials including self-protection measures, accident prevention procedures, and safety;
- Ideal regularly conducted safety training including the use of PPE prior to the date of injury;
- Mr. Donald told an investigator he was wearing safety glasses and a face shield at the time of injury, but Ideal later obtained a video showing he was not wearing glasses and had the shield in the "flipped-up" position rather than over his face;
- Mr. Donald intentionally violated Ideal's safety protocol by failing to utilize the PPE at the time of the accident and provided false and misleading information to the investigator;
- Mr. Donald understood the risk of exposure to sodium hydroxide and understood the risk of not wearing his PPE; and
- If Mr. Donald had properly worn his PPE, he would not have been sprayed in the face with sodium hydroxide, and he had no valid excuse for not wearing the PPE.

Ideal also submitted the affidavit of another driver, employed by Ideal since 1975. He confirmed the company requires attendance at annual hazardous materials training and at periodic driver safety meetings that include a discussion of the proper use of PPE. An affidavit from Michael Blurton, Ideal's plant manager, confirmed that Ideal required

3

drivers to use safety glasses and a properly positioned face shield. He noted he had no occasion to enforce the rule regarding use of PPE because no violations had occurred.

### Mr. Donald's Position

Mr. Donald admitted, through counsel, that Ideal served the Requests for Admissions on May 14 and he did not answer them until July 26. However, Tennessee Rules of Civil Procedure 36.02 allows the Court to withdraw matters admitted in requests for admissions. Mr. Donald argued that unless this Court does so, "the merits of Employee's position will not be heard by the Court." If the Court does not consider Mr. Donald's "actual responses," then "presentation of the merits of this action will be subserved." Counsel also argued that she did not receive notice of a hearing on the motion to deem the requests admitted but, if she had, she might have appeared and "addressed the issues contained therein." Finally, counsel said she did not receive the Court's August 8 order deeming the requests admitted but admitted she did not access TN Comp, the Court's electronic filing system, until September 27.

Mr. Donald admitted Ideal's undisputed facts except for the fourth, namely that Ideal consistently enforced safety rules regarding the use of PPE. He based this dispute on his unsworn answers to Interrogatories filed just ninety minutes before the hearing. He also set forth arguments in a memorandum of law filed on October 2 with citations to the yet to be filed interrogatories and his July 26 answers to requests for admissions. In an affidavit, he said he wore his face shield in the "flipped-up" position on the date of the accident but also "believed" he would have suffered the injury even if the shield was lowered.

### Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and *admissions on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018)(Emphasis added). A party may move for summary judgment "at any time after the expiration of thirty (30) days from the commencement of the action." Tenn. R. Civ. Pro. 56.01; *Noel v. EAN Holdings, LLC*, 2017 Tenn. Wrk. Comp. App. Bd. LEXIS 58, at *7 (Sep. 13, 2017).

Ideal must do one of two things to prevail on its motion for summary judgment: (1) submit affirmative evidence that negates an essential element of Mr. Donald's claim, or (2) demonstrate that Mr. Donald's evidence is insufficient to establish an essential element. Tenn. Code Ann. § 20-16-101 (2017); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Ideal is successful in meeting this burden, Mr. Donald "may not rest upon the mere allegations or denials of [his] pleading." *Id.* at 265. Rather, he must respond by producing evidence that sets forth specific facts showing there is a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. He

4

must do more than simply show that there is some metaphysical doubt as to the material facts. *Rye*, at 265. He must also produce this evidence at least five days before the hearing. Tenn. R. Civ. P 56.04. The Court must review the evidence in the light most favorable to Mr. Donald as the nonmoving party and draw all reasonable inferences favoring him. *Payne v. D and D Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at \*12 (May 4, 2016).

Here, Ideal contends there is no genuine issue of material fact as to Mr. Donald's intentional violation of a safety rule and that Tennessee Code Annotated section 50-6-110(a) prohibits the recovery of benefits. The Court agrees.

*I.*

First, Tennessee Rules of Civil Procedure 36.01 provides that a party may serve a written request to another party to admit the truth of any fact, the application of law to the facts, or opinions about either. Every request is admitted unless the party to whom the request is directed serves a written answer or objection within thirty days after service of the request. "The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." *Id.*

Tennessee law considers Rule 36 a "useful tool in the preparation of a lawsuit." *Tennessee Dept. of Human Serv. v. Barbee*, 714 S.W.2d 263, 266 (Tenn. 1986). It provides a procedure "to reduce trial time by limiting and narrowing the issues." *Id.* A matter admitted under Rule 36 "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Tenn. R. Civ. P. 36.02. Procedurally, admissions under Rule 36 may be brought to the trial court's attention through a motion for summary judgment or by specific motion dealing with the requested admissions. *Barbee*, at 266.

In this case, Ideal filed a motion to deem the unanswered requests admitted because Mr. Donald did not answer them within thirty days. He did not answer them until July 26, after the motion to deem them admitted, and after a motion to compel answers to other discovery. Ideal corresponded with Mr. Donald regarding the unanswered requests before filing its motion. Thus, the Court holds Ideal conclusively established the facts contained in the requests for admissions for purposes of this action.

*II.*

Second, the Court declines to permit withdrawal or amendment of the admissions. Tennessee Rules of Civil Procedure 36.02 provides the Court discretion to allow withdrawal and that discretion provides a modicum of flexibility to avoid potential injustice resulting from a strict and unyielding application of the thirty day response deadline. *Meyer Laminates (SE), Inc. v. Primavera Dist.*, 293 S.W.3d 162 (Tenn. Ct.

5

App. 2008). To obtain relief, a party must satisfy the following two prongs: 1) "when the presentation of the merits of the action will be subserved [by allowing the admissions to stand]" *and* 2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Tenn. R. Civ. P. 36.02. The Rule applies to "any matter admitted" under Rule 36, without distinction as to how or for what reason the matter was deemed admitted. *Meyer*, at 167.

To determine whether it should allow withdrawal of Mr. Donald's admissions, the Court finds guidance in *Hutcheson v. Irving Materials, Inc.*, No. M2002-03064-COA-R3-CV, 2004 Tenn. App. LEXIS 158 (Tenn. Ct. App. Mar. 8, 2004). There, the plaintiff did not respond to requests for admissions and the defendant filed a motion to deem them admitted. Plaintiff did not file a response to the motion but submitted responses to the requests on the day of the hearing. The court granted the motion. Several months later, and after the filing of a summary judgment motion, the plaintiff filed a motion for relief under Rule 36.02. The court held that the delay in requesting relief until after a summary judgment filing "failed to establish that the merits of the case would be subserved or promoted by the withdrawal or modification of the requests for admissions." *Id.* at *10.

The same is true here. Mr. Donald did not timely answer the requests and did not reply to the motion to deem them admitted. He filed his motion to withdraw almost two months after the Court deemed them admitted and only after Ideal filed its motion for summary judgment.[1] As in *Hutcheson*, the Court finds that the merits of the case are not subserved by refusing to allow Mr. Donald to withdraw or amend his admissions. Likewise, Ideal convincingly argued that it used the request for admissions to narrow the issues as Rule 36 was intended. *Barbee*, at 266. The Court holds allowing withdrawal of the admissions here would thwart the purpose of Rule 36 and impose upon Ideal a burden of establishing facts that it sought to establish by use of requests for admissions. Rule 36 would cease to be a "useful tool" if a court allowed withdrawal of requests for admissions under the circumstances presented here. Thus, the Court exercises its discretion and denies Mr. Donald's request to withdraw the admissions.

*III.*

Finally, the Court holds Ideal is entitled to summary judgment as a matter of law because there is no genuine issue of material fact. Ideal negated an essential element of Mr. Donald's claim, causation, by establishing intentional violation of a safety rule, *and*

---

1 The Court reviewed computer screenshots submitted by Mr. Donald's counsel purporting to show she did not receive notice of the Court's August 8 order deeming the requests admitted. To the contrary, the Court notes the screenshots include an e-mail to counsel of August 8 that references a "Court Order" of that date and advising it might be viewed in TN Comp. Counsel admitted she did not take steps to access TN Comp until September 27. Regardless, counsel conceded she received the motion to deem the requests admitted and any failure to receive and/or review the order deeming them admitted does not affect the outcome here.

demonstrated Mr. Donald's evidence is insufficient to establish causation in light of the defense.

First, Ideal negated causation by establishing the elements of a safety rule defense as set forth in *Mitchell v. Fayetteville Pub. Util.*, 368 S.W.3d 442 (Tenn. 2012). Specifically, it established:

1) Mr. Donald's actual notice of a safety rule; (Admission Nos. 1, 2, 3,5)
2) Mr. Donald's understanding of the danger involved in violating the rule; (Admission Nos. 15, 16)
3) Its bona fide enforcement of the rule; (Affidavit of Michael Blurton) and
4) Mr. Donald's lack of a valid excuse for violating the rule. (Admission No. 18)

Second, Ideal demonstrated Mr. Donald's evidence was insufficient to create a genuine issue of material fact regarding causation. In *Barbee*, the Court explained that a court should not allow evidence to refute facts conclusively established by an admission. 714 S.W.2d at 267. However, even if the Court considered Mr. Donald's evidence, he did not refute the facts established by the admissions. He filed interrogatory answers on the morning of the hearing, not five days before as required by Rule 56.04 and, even then, they were unsworn. Further, in his affidavit, Mr. Donald offered only two statements, neither of which is sufficient to create a fact issue. Namely, he conceded he was wearing his face shield in the "flipped-up" position instead of covering his face and two, he said he believed he would have suffered injury even if the shield was lowered. These facts were conclusively established to the contrary by Admission No. 20 where he admitted that "if proper safety protocol had been followed . . . [he] would not have been sprayed in the face by sodium hydroxide" and in Admission No. 21 where he admitted "if [he] had properly utilized the safety devices . . . [he] would not have sustained burns to [his] face and eyes."

Based on the above findings, the Court holds there is no genuine issue of material fact and Ideal is entitled to a judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ideal's Motion for Summary judgment is granted, and Mr. Donald's claim against Ideal for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling.
2. Ideal shall prepare and file a statistical data form (SD2) with the Court Clerk at wc.courtclerk@tn.gov within ten business days of entry of this order.
3. The filing fee of $150.00 for this case is taxed to Ideal under Tennessee Compilation Rules and Regulations 0800-02-21-.07.
4. Absent an appeal, the order shall become final thirty days after issuance.

**ENTERED** this the 17th day of October, 2018.

_____
**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 17th day of October, 2018.

| Name | Via Email | Service sent to: |
|------|-----------|------------------|
| Emily B. Bragg, Esq., Employee's Attorney | X | ebragg@forthepeople.com |
| Steven B. Morton, Esq., Employer's Attorney | X | Stephen.morton@mgclaw.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**