

**FILED**
**May 06, 2022**
**01:07 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| John Dickerson Holt, III | )   Docket No.    2020-01-0787 |
| | ) |
| v. | )   State File No.   108369-2019 |
| | ) |
| Quality Floor Coverings, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

## Reversed in Part and Remanded

This appeal involves requests for admissions of fact served pursuant to Rule 36 of the Tennessee Rules of Civil Procedure. After the employee failed to serve timely responses to the employer's requests for admissions, the employer filed a motion asking the trial court to deem the statements admitted. In reply, the employee filed responses to the requests for admissions more than thirty days after the requests were served but did not otherwise respond to the employer's motion. The trial court denied the employer's motion, and the employer has appealed. We reverse the trial court's order in part and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin joined.

Catheryne L. Grant and Taylor R. Pruitt, Brentwood, Tennessee, for the employer-appellant, Quality Floor Coverings, LLC

John Dickerson Holt, III, Chattanooga, Tennessee, employee-appellee, pro se

## Factual and Procedural Background

John Dickerson Holt, III ("Employee") alleged he injured his right index finger while working for Quality Floor Coverings, LLC ("Employer") on October 21, 2019. After Employer served Employee with requests for admissions on December 7, 2021, pursuant to Rule 36 of the Tennessee Rules of Civil Procedure, Employee did not serve timely responses. On February 7, 2022, Employer filed a motion asking the court to deem its requests for admissions admitted. On February 27, 2022, in response to Employer's motion, Employee filed responses to Employer's requests for admissions but did not file a

motion seeking additional time to respond to the requests. The trial court denied Employer's motion to deem the requests admitted, and Employer has appealed.

## Standard of Review

The interpretation and application of statutes and regulations are questions of law that we review *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). However, a trial court's decision to grant or deny a discovery motion is reviewed under an abuse of discretion standard. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005). This standard "contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *Hubbard v. Sherman-Dixie Concrete, Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v. Farrell*, 277 S.W.3d 372, 378 (Tenn. 2009)). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

## Analysis

The issue in this appeal hinges on the scope of a trial court's discretion when applying Rule 36 of the Tennessee Rules of Civil Procedure. Rule 36, which governs a party's written requests for admissions, provides in pertinent part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02 set forth in the request that relate to (a) facts, the application of law to facts, or opinions about either . . . .

Tenn. R. Civ. P. 36.01. The rule further provides that

> [t]he matter *is admitted* unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney . . . .

*Id.* (emphasis added). Rule 36.02 specifically provides "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." In *Tennessee Department of Human Services v. Barbee*, 714 S.W.2d 263, 266 (Tenn. 1986), our Supreme Court stated as follows:

2

> Unlike responses to other discovery procedures which are evidentiary and are obtained for the purpose of introduction at trial and subject to contradiction at trial, a Rule 36 admission, unless it is allowed to be withdrawn or amended, concludes the matter and avoids any need for proof at trial.

The *Barbee* Court further explained that "admissions under Rule 36 should be brought to the trial court's attention through one of three methods, at a pretrial conference where issues may be eliminated or narrowed, a motion for summary judgment (Rule 56 T.R.C.P.), or by specific motion dealing with the requested admissions." *Id.* at 266.

There is also a regulation governing the discovery process in the Court of Workers' Compensation Claims. The version of Rule 0800-02-21-.17(5) in effect for this date of injury provides, in pertinent part, as follows:

> In the event of a *discovery dispute*, either party may file a motion at any time after a petition for benefit determination is filed. . . . Any motion to compel discovery, motion to quash, motion for protective order, *or other discovery-related motion* must:
>
> . . . .
>
> (c) Include a statement certifying that the moving party or his or her counsel made a good-faith effort to resolve by agreement the issues in the motion and an agreement was not achieved. The statement must detail the efforts to resolve the dispute.

Tenn. Comp. R. & Regs. 0800-02-21-.17(5)(c) (2019) (emphasis added).

In the present case, Employer served requests for admissions on Employee on or about December 7, 2021. Employee did not timely respond to the requests but filed responses only after Employer's Motion to Deem Requests Admitted had been filed on February 22, 2022. Employee did not otherwise respond to the motion, and Employer did not include a statement in its motion certifying that it had made a good faith effort to resolve the discovery issue by agreement. The trial court denied Employer's motion on the basis that it failed to comply with Rule 0800-02-21-.17(5)(c).

We conclude Rule 36 of the Tennessee Rules of Civil Procedure is self-executing. Once a party files written requests for admissions in accordance with Rule 36.01, those statements are *automatically* deemed admitted thirty days after the requests are served unless one of three things happens: (1) the party to whom the request is directed timely serves a response denying the request or objecting to the request; (2) the party to whom the request is directed timely asks the trial court to lengthen the time within which a response

3

can be served and that request is granted; or (3) the party to whom the request is directed timely serves a response or objection and the other party files a motion asking the trial court to determine the sufficiency of the answers or objections. If none of those three things happens, the statements are deemed admitted and are considered conclusively established unless the party to whom the requests were directed later moves for withdrawal or amendment of the admission pursuant to Rule 36.02.

We further conclude that, because Rule 36 is self-executing, the failure to respond to requests for admissions does not give rise to a dispute such that the requirements of Tenn. Comp. R. and Regs. 0800-02-21-.17(5)(c) are implicated. Thus, it is unnecessary for the party who serves the requests to certify in a motion to deem matters admitted "that the moving party or his or her counsel made a good faith effort to resolve by agreement the issues in the motion." *Id.* In fact, there is nothing in Rule 36 that necessitates a party moving to deem the matters admitted because the rule is self-executing. Nevertheless, we agree with Employer that the statement required by Rule 0800-02-21-.17(5)(c) is not required in the context of requests for admissions under Rule 36 to which no timely response is served because no dispute has yet arisen.[1]

However, that does not end our inquiry. A trial court has the express authority to shorten or lengthen the time within which a party may respond to Rule 36 requests, *see* Rule 36.01, and it has the authority to allow a party to withdraw or amend any admissions under certain circumstances, *see* Rule 36.02. Moreover, we review issues concerning a trial court's management of the discovery process under an abuse-of-discretion standard. *Tennyson v. Saver's Painting and Wallcovering, LLC*, No. 2019-07-0218, 2019 TN Wrk. Comp. App. Bd. LEXIS 54, at *5 (Tenn. Workers' Comp. App. Bd. Oct. 16, 2019).

In the present case, the trial court noted that Employee had admitted eleven of the fourteen requests. Those eleven statements are, at this point, conclusively established unless the trial court later allows a withdrawal or amendment one or more of the admissions pursuant to Rule 36.02. Of the remaining three requests, the trial court did not address in its order denying Employer's motion whether it was allowing Employee to withdraw or amend the admissions; instead, the trial court relied on Rule 0800-02-21-.17(5)(c) in denying the motion, which we have concluded was error.

**Conclusion**

Accordingly, for the reasons set out above, we reverse the trial court's order to the extent it relied on Rule 0800-02-21-.17(5)(c) to deny Employer's motion; we clarify that all requests Employee admitted in his responses have been conclusively established at this

---

[1] We do not intend to suggest, however, that the statement required by Rule 0800-02-21-.17(5)(c) is *never* required in the context of Rule 36. For example, if one party responds to requests for admissions, and the party who originally served the requests believes one or more of the responses is insufficient, a dispute has arisen necessitating the actions required by Rule 0800-02-21-.17(5)(c).

stage of the case; and we remand the case to the trial court to take any further action with respect to the remaining three requests as may be deemed appropriate pursuant to Rules 36.01 or 36.02 of the Tennessee Rules of Civil Procedure.  Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| John Dickerson Holt, III | ) | Docket No. 2020-01-0787 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 108369-2019 |
| | ) | |
| Quality Floor Coverings, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of May, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Catheryne L. Grant Taylor R. Pruitt | | | | X | catherynelgrant@feeneymurray.com trp@feeneymurray.com |
| John D. Holt, III | | | | X | johnholt3rd30@gmail.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov