**FILED**
**Jan 27, 2026**
**07:23 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| James Brown, | ) | Docket No. 2025-60-1468 |
|      Employee, | ) | |
| v. | ) | |
| Town of Watertown, | ) | State File No. 4263-2025 |
|      Employer, | ) | |
| And | ) | |
| Public Entities Partners, | ) | Judge Kenneth M. Switzer |
|      Carrier. | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Town of Watertown moved for summary judgment on Mr. Brown's claim for benefits and for reimbursement of temporary disability benefits. For the reasons below, the Court grants summary judgment on the claim for benefits but denies reimbursement of the temporary benefits. The Court does not have jurisdiction to order that remedy, and the Workers' Compensation Fraud Act is inapplicable.

### Claim History and the Motion

The Town of Watertown filed a petition in March 2025 alleging that Mr. Brown violated the Workers' Compensation Fraud Act. It later moved the Court to deem unanswered requests for admissions admitted. Mr. Brown did not respond to the motion, and the Court deemed the requests admitted.

The Town of Watertown then moved for summary judgment. It filed a statement of undisputed material facts. The facts largely mirror the admissions. However, some of the facts relate to the Town of Watertown's additional requested relief. They are:

- Mr. Brown did not injure his shoulder, ankle, or lower extremity while working for the Town of Watertown.
- Mr. Brown "faked his injuries and filed a false workers [sic] compensation claim against the Town of Watertown."

- Mr. Brown received temporary total disability benefits of $1,190.70 that were not owed to him.
- Mr. Brown was working for another employer and earning income at the time he "wrongfully" and "falsely and fraudulently sought workers' compensation benefits" from the Town of Watertown.

The Town of Watertown argues that it is entitled to summary judgment, stating that Mr. Brown "did not sustain work related injuries," his claim should be dismissed, and it should "be awarded a judgment against James Brown in the amount of $1,190.70."

Mr. Brown, who now works as an EMT, appeared at the motion hearing but did not respond in writing. He argued that he did not "fake" the injuries, nor did he "wrongfully" and "fraudulently" seek benefits.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

To prevail, the Town of Watertown must do one of two things: (1) submit affirmative evidence that negates an essential element of Mr. Brown's claim, or (2) demonstrate that Mr. Brown's evidence is insufficient to establish entitlement to benefits. Tenn. Code Ann. § 20-16-101 (2026); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If the Town of Watertown satisfies that burden, then Mr. Brown must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in his favor. *Id.* at 265.

Mr. Brown did not respond to the Town of Watertown's motion, so it is unopposed. Tenn. Comp. R. & Regs 0800-02-21.18(d) (2023). However, his failure to respond does not automatically entitle the Town of Watertown to summary judgment. *Union Serv. Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, at *4 (Tenn. Ct. App. Sept. 28, 1988). Rather, the Court must determine whether under Rule 56.06 summary judgment is "appropriate."

Although Mr. Brown did not file this lawsuit, he still bears the burden of proving he was injured. *Id.* § 50-6-239(c)(6). Section 50-6-102(12)(A) defines an injury as one arising out of and in the course and scope of employment, which results from a "specific incident . . . identifiable by time and place of occurrence."

Mr. Brown never independently submitted proof for potential use at a compensation hearing that he suffered a work injury. His argument at the summary judgment hearing, while sincere, cannot substitute for this lack of admissible evidence. A trial court may

provide a self-represented party with some latitude to ensure that the trial continues on a level playing field, but "trial courts may not excuse self-represented parties from complying with the same substantive and procedural rules that represented parties are expected to observe." *Douglas v. Ledic Realty Serv.,* No. W2012-00345-SC-WCM-WC, 2012 Tenn. LEXIS 964, at *10 (Tenn. Workers' Comp. Panel Feb. 13, 2013).

Importantly, Mr. Brown did not respond to the Town of Watertown's requests for admissions, which were deemed admitted and conclusively established. Because it is conclusively established that no injury occurred, Mr. Brown did not satisfy the statutory burden of proving a specific incident identifiable by time and place. Therefore, the Town of Watertown has affirmatively negated an essential element of the claim, and summary judgment is appropriate.

However, the Court disagrees with the Town of Watertown that, by deeming admissions admitted, it must dispense its proposed remedy because it has been "conclusively established."

The Tennessee Supreme Court has explained, "The purpose of admissions is to limit and narrow the issues, thereby reducing trial time." *Tenn. Dept. of Human Servs. v. Barbee,* 714 S.W.2d 263, 266 (Tenn. 1986). Further, "[n]o proof is needed *to establish a fact that has been admitted,* and no evidence should be allowed to refute the admission. *Id.* at 267 (Emphasis added). Here, it is not a "fact" that the Town of Watertown seeks repayment— that is only the remedy it seeks.

More importantly, the proposed remedy exceeds this Court's jurisdiction, a threshold issue. *Martinez v. ACG Roofing, Inc.*, 2023 TN Wrk. Comp. App. Bd. LEXIS 31 at *10 (July 12, 2023). The Appeals Board explained:

> The Tennessee Court of Workers' Compensation Claims is a court of statutorily defined, *limited* jurisdiction. The court was created as of July 1, 2014, to have "original and exclusive jurisdiction over all contested claims for workers' compensation benefits." Tenn. Code Ann. § 50-6-237. Judges on the Court of Workers' Compensation Claims are granted authority to "hear and determine claims for compensation, to approve settlements of claims for compensation, to conduct hearings, and to make orders, decisions, and determinations." Tenn. Code Ann. § 50-6-238(a)(3).

*Id. at* *10-11 (Emphasis in original). In addition, the Court may not reach "beyond the facts of the case and the provisions of Tennessee's Workers' Compensation Law to resolve a dispute under contract law." *Id.* at *14.

In other words, the Court's authority extends only to resolving rights in a claim for workers' compensation benefits filed by an injured worker or employer. The Court has no

jurisdiction to grant the Town of Watertown's request that it order Mr. Brown to "disgorge" past temporary disability benefits—essentially a small claims matter and not a workers' compensation dispute.[1]

Finally, the Town of Watertown cites the Workers' Compensation Fraud Act, section 56-47-103(a), which provides in relevant part:

> Any person who, knowingly and with intent to defraud, and for the purpose of depriving another of property or for pecuniary gain, commits . . . any of the following acts, has committed a fraudulent insurance act: (1) Presents, causes to be presented or prepares with knowledge or belief that it will be presented, by or on behalf of a[] . . . claimant . . . to an *insurer*. . . in connection with an *insurance transaction* any information which contains false representations as to any material fact, or which withholds or conceals a material fact concerning . . .(ii) A claim for payment or benefit pursuant to any insurance policy[.]

(Emphasis added).

The Tennessee Supreme Court interpreted this provision and explained that the definition of an "insurance transaction" covers business activities like "obtaining insurance . . . calculating insurance premiums, submitting a claim . . . [or] adjusting a claim." *Bryant v. Baptist Health Sys. Home Care of E. Tenn.,* 213 S.W.3d 743, 749-50 (2006). But "insurance transaction" does not include "the litigation of a workers' compensation claim." *Id.* Because the Town of Watertown's request arises from the litigation of this claim rather than a defined insurance transaction, the Fraud Act does not apply.

### IT IS ORDERED AS FOLLOWS:

1. Mr. Brown's claim for benefits is denied and dismissed with prejudice to its refiling. The Town of Watertown's request for further relief is denied.

2. Unless appealed, this order shall become final in 30 days.

3. The Court assesses the $150.00 filing fee against the Town of Watertown, for which execution might issue as necessary. It shall pay the fee to the Court Clerk within five business days.

4. The Town of Watertown shall file Form SD-2, Statistical Data Form, with the Court

---

[1] The Town of Watertown's counsel said at the hearing that it waived its right to reimbursement for past medical treatment, but following this same reasoning, the Court has no jurisdiction to enter this type of order. Counsel additionally said he waived any claim against Mr. Brown for attorney's fees but cited no authority under which this Court could order that.

Clerk within five business days of this order becoming final.

**ENTERED January 27, 2026.**

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on January 27, 2026.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|---------------|--------------|-------|---------|
| James Brown, employee | | X | | ████████████<br>████████████ |
| Lane Moore, employer's attorney | | | X | lane@moorerader.com<br>jenna@moorerader.com |

_Penny Shrum_

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.


_____
*[Signature of appellant or attorney for appellant]*