Ann NEELY, Plaintiff/Appellant,

v.

VELSICOL CHEMICAL CORPORATION, Defendant/Appellee.

Court of Appeals of Tennessee,
Western Section,
at Jackson.

March 14, 1995.

Application for Permission to Appeal Denied by Supreme Court Aug. 28, 1995.

Arthur J. Shea, Memphis, for Plaintiff/Appellant.

William M. Jeter, Lucinda S. Murray, Glassman, Jeter, Edwards & Wade, P.C., Memphis, Joe G. Hollingsworth, Donald W. Fowler, Bonnie J. Semilof, Spriggs & Hollingsworth, Washington, DC, for Defendant/Appellee.

FARMER, Judge.

This is an action by the appellant, Ann Neely (Neely), to recover for personal injuries allegedly sustained as a result of exposure to "Termide," a product manufactured by the appellee, Velsicol Chemical Corporation (Velsicol). The trial court entered summary judgment for Velsicol and Neely appeals. The sole issue on appeal is whether the trial court erred in granting summary judgment.

Neely's complaint avers that in May 1986, she purchased a newly constructed residence that had been treated for termites with the chemical "Termide" by Jamison Pest Control Company, Inc. (Jamison). Neely alleges that the chemical was released into the home when a plumbing company "broke out" the concrete slab foundation to install a Jacuzzi. Neely alleges negligence and breach of warranty on behalf of Velsicol.[1]

Velsicol moved for summary judgment in February 1992, relying upon "the entire record" in support thereof. In opposition, Neely relied upon her own deposition and the affidavits of Dr. Robert Simon and Mr. Lachappelle. The latter affidavit has not been included in the record. In March 1992, Velsicol submitted some 186 requests for admissions to Neely. In July 1993, the trial court

---

1. In addition to Velsicol, Neely sued the construction and plumbing companies, the realtor of the property and Jamison. The trial court entered summary judgment as to Velsicol only, but expressly rendered the judgment final in accordance with Rule 54.02 T.R.C.P.

Neely's specific allegations as to Velsicol are:
(A) [Velsicol] negligently fromulated [sic], developed, manufactured, selected components for, promoted, advertised, marketed, selected, sold and used Termide and furnished same to defendant Jamison;
(B) [Velsicol] negligently fromulated [sic], developed, manufactured, selected components for, promoted, advertised, marketed, selected, sold and used an inherently and unreasonably dangerous product;
(C) [Velsicol] negligently failed to test or inspect or adequately test or adequately inspect the said product;
(D) [Velsicol] negligently failed to comply with applicable laws, codes, statutes, ordinances, standards and regulations, including but not limited to the laws of the State of Tennessee;

(E) [Velsicol] negligently failed to provide warnings or instructions or adequate warnings or adequate instructions;
(F) [Velsicol] negligently applied and/or allowed its agents and Jamison to apply said product....
(G) [Velsicol] negligently failed to train or instruct or adequately train or adequately instruct its employees ... application or its agent, Jamison, and its employees;
(H) [Velsicol] negligently failed to take reasonable and adequate measures to prevent injuries to foreseeable persons such as the plaintiff;
(I) [Velsicol] negligently misrepresented the risk, hazards and dangers to the plaintiff;
14.... Velsicol expressly and impliedly warranted to the plaintiff that said product and treatment was of merchantable quality and fit for its intended uses. [Velsicol] further expressly and implied warranted that said product and treatment complied with applicable laws, codes, statues, ordinances, standards and regulations.

granted the motion based, in part, upon the fact that Neely had not responded to the requests for admissions and, as such, had admitted that she had no evidence that the product Termide was defective and further admitted that Jamison was not an agent of Velsicol, thus precluding any imputation of negligence to Velsicol. The court further based its ruling upon a determination that Neely's claims are preempted under the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA).[2]

The facts which the trial court deemed admitted as a result of Neely's failure to respond to the requests for admissions include the following: from 1972 to 1986, chlordane and Velsicol's chlordane-containing products were registered with the USEPA and the labels on these products were accepted by the USEPA. Velsicol's chlordane-containing termiticides are safe if applied according to the USEPA-accepted labeling directions. Jamison is not an agent of Velsicol. Velsicol did not apply a termiticide at Neely's home. If Velsicol's chlordane-containing termiticides were properly applied, Neely believes she would have no symptoms. Neely believes that she was "contaminated with something" prior to her move to the residence in question. No doctor has ever concluded to a reasonable degree of medical certainty that any of Neely's alleged psychological problems or symptoms were caused by chlordane. Neely experienced symptoms, including sore throat, headaches, nausea, abdominal cramps, lethargy and coughing prior to moving into the home. There is no test proving her sensitive or allergic to chlordane. No physician has ever informed her that she is permanently disabled or cannot work.

Neely further admitted that she has no evidence that Velsicol negligently formulated, developed or manufactured chlordane or chlordane-containing products. She has no evidence that Velsicol negligently selected components for, promoted, advertised, marketed or sold chlordane or chlordane-containing products. She has no evidence that Velsicol's chlordane or chlordane-containing products are unreasonably dangerous or that Velsicol negligently failed to inspect or test them. She has no evidence of Velsicol's failure to comply with any laws, codes, statutes, ordinances, standards or regulations. Finally, there is no evidence that Velsicol's warnings or instructions were inadequate.

■■■ Rule 36 T.R.C.P. pertains to requests for admissions. Rule 36.02 states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Requests for admissions that are unanswered are deemed admitted. *Tennessee Dep't of Human Services v. Barbee,* 714 S.W.2d 263, 266 (Tenn.1986). *Barbee* held that an admission under Rule 36, unlike an evidentiary admission, "concludes the matter and avoids any need for proof at trial." *Barbee,* 714 S.W.2d at 266. Thus, no proof is necessary to establish a fact admitted, nor should evidence be allowed to refute the admission. *Id.* at 267.

■■■ Admissions pursuant to Rule 36 may be brought to the trial court's attention on motion for summary judgement. *Id.* at 266. Rule 56.03 T.R.C.P. states:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The record does not indicate that Neely moved to withdraw or amend the admissions.

2. From the record it appears that Velsicol first relied upon the issue of federal preemption in arguing that it was entitled to a summary judgment. By letter to counsel dated April 12, 1993, the trial court granted a partial summary judgment to Velsicol on the basis of federal preemption. No order was ever entered pursuant to this letter ruling. Velsicol subsequently filed a motion for reconsideration of "the remaining issue not previously ruled on" by the court, which pertained to Neely's failure to answer the requests for admissions. The trial court, thereafter, entered the order granting summary judgment to Velsicol "as to all issues."

As a result, we find them to conclusively establish that Neely's alleged injuries are not due to any act of negligence or breach of warranty by Velsicol. Therefore, we find that no genuine issue of material facts exist for a jury to determine.[3] Accordingly, the trial court's entry of summary judgment in favor of Velsicol is affirmed. Costs are taxed to Ann Neely, for which execution may issue if necessary.

TOMLIN, P.J., W.S., and CRAWFORD, J., concur.

William E. Long, Jr., McDonnell Dyer, Nashville, for plaintiffs/appellees.

Clyde Paul Holland, Nashville, for defendants/appellants.

---

**3.** We find it unnecessary to address whether any or all of Neely's claims are preempted pursuant to federal statute.