IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 9, 2001 Session

## WALTER W. CARLEN, SR., ET AL. v. RONALD E. JACKSON

**Appeal from the Circuit Court for Putnam County**
**No. 99J0411     John A. Turnbull, Judge**

---

**No. M2000-02564-COA-R3-CV - Filed September 19, 2001**

---

The defendant asserted a comparative fault defense to a tort claim against him arising from his operation of a truck. He attributed fault to General Motors Corporation and Carlen Motors Inc. the manufacturer and prospective seller, respectively, of the truck. The defendant did not respond timely to a request for admission and summary judgment was entered that the defendant could not assert the affirmative defense attributing fault to General Motors and Carlen Motors Inc.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, J.J., joined.

Ellis A. Sharp and Jon M. Cope, Knoxville, Tennessee, for the appellant, Ronald E. Jackson.

J. Ford Little and Luis C. Bustamante, Knoxville, Tennessee, for the appellees, Walter W. Carlen, Sr. and Linda Carlen.

### OPINION

### I.

Plaintiff Walter Carlen was a passenger in a Chevrolet pickup truck driven by a prospective purchaser, Ronald E. Jackson, when the right front wheel left the pavement, apparently causing the driver to oversteer after the truck came back on the pavement and looped before striking a tree. Both the passenger and driver were seriously injured. Passenger sued the driver, whose answer, upon information and belief, attributed fault to General Motors Corporation [GMC], the manufacturer of the truck, and to Carlen Motors, Inc., the local dealer.

The plaintiffs resolved to determine the basis for the affirmative defense of a defective product and served defendant with interrogatories and requests for admissions seeking the disclosure

of the information upon which the affirmative defense was based, since they were aware of no facts which would provide them a reasonable basis for asserting claims against GMC and Carlen Motors, Inc. The plaintiffs were allowed ninety (90) days to amend their complaint to assert such claims.[1]

On February 23, 2000, the defendant was served with plaintiffs' First Set of Interrogatories and Request for Production of Documents. One of the Interrogatories required the defendant to "state the facts upon which you rely for each affirmative defense in your answer." Another Interrogatory, number 11, was akin, since it required the defendant to reveal the facts or evidence upon which any liability claim against any entity might be asserted. A copy of any documents upon which the affirmative defense was based was required.

On the same day, February 23, 2000, the defendant was served with the plaintiffs' Second Set of Interrogatories and Request for Production of Documents. The plaintiffs also served 3 Requests for Admissions: (1) Admit that Carlen Motors is not at fault for the accident, (2) Admit that GMC is not at fault, (3) Admit that the defendant has no evidence of any defect in the truck.

Responses were due by April 25, 2000, after an agreed extension.

The defendant did not respond, and the plaintiffs filed their motion on June 6, 2000, for a partial summary judgment respecting the affirmative defense that had been asserted on information and belief. The motion was filed forty days after the responses were due. We reproduce part of the Order entered by the trial judge, as pertinent here:

> Plaintiffs' Motion for Partial Summary Judgment is hereby granted as to the Defendant's affirmative defense claim regarding comparative fault of General Motors and Carlen Motors. Therefore, the Defendant cannot assert as an affirmative defense claim, comparative fault on General Motors, the manufacturer of the automobile which is the subject matter of this litigation and Carlen Motors, the car dealer. Accordingly, the Court finds that there is no genuine issue as to any material fact regarding this affirmative defense claim pursuant to Rule 56 of the Tennessee Rules of Civil Procedure.

The defendant appeals, and presents for review the propriety of this judgment. Our review is *de novo* on the record, with no presumption of correctness since this issue is one of law. *Foley v. St. Thomas Hospital*, 906 S.W.2d 448 (Tenn. Ct. App. 1995).

## II.

The defendant filed a response to the Requests for Admission on May 12, 2000, which generally denied the requests. He responded to the request for production by stating "[t]his

---

[1] See, T.C.A. § 20-1-119.

defendant will answer this Interrogatory after the inspection of the vehicle which is set for June 5, 2000."[2] The trial judge aptly observed that a comparative fault defense required thoughtful consideration, since a plaintiff has a statutory window of ninety (90) days after revelation to "bring that party in." The trial judge further observed:

> The fact that as of the end of that ninety (90) days you have not come up with any evidence and not even responded to the request for admissions, *it puts them in a completely untenable position. They are in a position right now that they could not bring General Motors into this lawsuit.*

Counsel for the defendant responded that the plaintiffs could have amended the complaint and brought General Motors into the case by alleging a defect "whether there was or was not a defect," and thereby would have eliminated the looming prejudice.

In the last analysis, the defendant had no competent evidence of a defect. He was attempting to show that the vehicle had been the subject of a recall, but the evidence revealed that the recall involved an entirely different vehicle. The defendant adduced statements from a witness about the handling characteristics of the vehicle, who later conceded that he was mistaken and found nothing wrong with the truck. This witness, David Dyer, offered nothing of value to the defendant. It was apparently through a misunderstanding of a casual remark made by Mr. Dyer that prompted counsel to state to the court that "quite frankly we heard some rumors that someone had tested [sic] driven this vehicle a day or two days before and had serious problems with the driving mechanism." It developed that Mr. Dyer found nothing wrong with the driving mechanism.

The defendant attempted to establish a genuine issue of a material fact by the assertion of a claim for spoilation of evidence through the affidavit testimony of Tyler Kress. Suffice to say that Mr. Kress does not identify any defect in the vehicle, and the steering problems and the recall which he references, do not relate to the subject vehicle. There is no evidence in the record that Carlen Motors conducted any destructive testing of the vehicle. The trial judge found "I don't see anything right now that would create the grounds that would allow me to hold that spoilation has taken place."

Rule 56.04 of the Tennessee Rules of Civil Procedure provides:

> Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

[2] Soon after the accident, Carlen Motors made the truck available on two occasions at the defendant's request for inspection by his expert. The accident occurred in December 1998. The truck was a 1999 model.

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion. ***Byrd v. Hall***, 847 S.W.2d 208, 210 (Tenn. 1993); *see also,* ***Anderson v. Standard Register Company***, 857 S.W.2d 555, 559 (Tenn. 1993). Once the movant has properly supported its summary judgment motion, "the burden of production of evidence shifts to the non-moving party to produce evidence which would establish a genuine factual dispute." ***Brown v. J. C. Penney Life Ins. Co.***, 861 S.W.2d 834 (Tenn. Ct. App. 1992). The Court in ***Byrd*** further explained the rule by stating:

> When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05.

The record reveals that the defendant had no basis for asserting fault against General Motors and Carlen Motors, Inc., and therefore had no basis for the affirmative defense. Consequently, the plaintiffs did not have a proper factual or legal basis for amending their Complaint to assert a claim against non-parties General Motors and Carlen Motors, Inc.

Rule 36.01 of the Tennessee Rules of Civil Procedure requires that:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. . .

The effect of an admission is provided for in Rule 36.02: "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

In ***Tennessee Dep't of Human Services v. Barbee***, 714 S.W.2d 266 (Tenn. 1986), the Supreme Court opined:

> Rule 36 is a useful tool in the preparation of a lawsuit, for it provides a procedure by which a party may request another party to admit the truth of any matters within the scope of Rule 26.02, T.R.C.P. . . . Unanswered requests for admission are deemed admitted and the

matter requested is conclusively established for the purpose of the pending case. The admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial.

In *Neely v. Velsicol Chemical Corp.,* 906 S.W.2d 915 (Tenn. Ct. App. 1995), the court granted summary judgment to defendant arising from plaintiff's failure to respond to requests for admission which the court recognized resulted in plaintiff admitting facts sufficient to establish that the manufacturer was not liable. In reaching its decision, the court stated that

> [A]n admission under Rule 36, unlike an evidentiary admission, 'concludes the matter and avoids any need for proof' . . . Thus, no proof is necessary to establish a fact admitted, nor should evidence be allowed to refute the admission.

Likewise, in *Porter v. Melton*, 1992 WL 29821 (Tenn. Ct. App. 1992) we ruled that the "trial court erred by refusing to grant [plaintiff's] Motion to Rely Upon Requests for Admissions," after defendant failed to respond to the set of requests in accordance with Rule 36.

Finally, we think that the belated responses to the requests for admission essentially reveal that the defendant had no basis for asserting the affirmative defense.

The judgment is affirmed at the costs of the appellant, Ronald E. Jackson.

_____
WILLIAM H. INMAN, SENIOR JUDGE