# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 19, 2021 Session

## MASTERFIT MEDICAL SUPPLY v. SAMUEL BADA D/B/A PRIMECARE, D/B/A NEW PRIMECARE

**Appeal from the Circuit Court for Madison County**
**No. C-19-288          Kyle C. Atkins, Judge**

_____

### No. W2020-01709-COA-R3-CV

_____

This is an appeal from a trial court's grant of summary judgment. In a dispute involving unpaid invoices for medical supplies, the trial court ruled in favor of the appellee, finding that the appellant was personally liable for the indebtedness. In so doing, the trial court relied upon the unpaid invoices that were previously found to be admitted by the court pursuant to Rule 36.01 of the Tennessee Rules of Civil Procedure after the appellant failed to respond to the appellee's request for admission. The appellant now appeals. Based on the record on appeal, we affirm the trial court's grant of summary judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Bede Anyanwu, Jackson, Tennessee, for the appellant, Samuel Bada.

R. Bradley Sigler, Jackson, Tennessee, for the appellee, Masterfit Medical Supply.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This case concerns a dispute involving unpaid invoices for medical supplies dating back several years. The appellant, Samuel Bada, is a physician who practices at two separate clinics in Hardeman County, Tennessee, operating as PrimeCare Clinic, PLLC and New PrimeCare Clinics Inc.[2] According to tax records, starting in 2015, Dr. Bada became 100% owner of the clinics. Between 2016 and 2017, the clinics incurred unpaid indebtedness in the amount of $36,131.69 for the purchase of medical supplies from Masterfit Medical Supply ("Masterfit"). Masterfit eventually brought suit against Dr. Bada to compel payment of the unpaid invoices in the General Sessions Court of Madison County. After Masterfit prevailed in the General Sessions Court, Dr. Bada appealed the judgment to the Circuit Court of Madison County. While on appeal in the Circuit Court, the parties participated in discovery, including the service of interrogatories, a request for production of documents, and a request for admission by Masterfit on Dr. Bada. On March 16, 2020, Masterfit filed a "Motion to Compel Discovery and/or for Sanctions," in which it alleged that Dr. Bada had failed to appear for his deposition, failed to answer interrogatories, failed to respond to a request for admission,[3] and failed to produce documents. In an order dated April 28, 2020, the trial court directed Dr. Bada to appear for his deposition, to respond to the interrogatories submitted by Masterfit, and to respond to the request for production of documents through his counsel. In this same order, the trial court also deemed admitted the unanswered request for admission regarding the cumulative unpaid invoices from Masterfit in the sum of $36,131.69 as a result of Dr. Bada's failure to comply with the requirements of Rule 36.01 of the Tennessee Rules of Civil Procedure. Specifically, the trial court found that "[t]he cumulative unpaid invoices from Masterfit Medical Supply to Prime Care Clinic are admitted in the total amount of $36,131.69 due to [Dr. Bada's] answer not complying with the requirements of TRCP 36.01." Relying on the admission, on June 29, 2020, Masterfit filed a motion for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. While Dr. Bada responded to Masterfit's motion for summary judgment, he never filed a motion seeking to withdraw the admission regarding the unpaid invoices. By order dated September 11, 2020, the trial court granted summary judgment in favor of Masterfit, finding there to be no genuine dispute as to any material fact and that Masterfit was entitled to judgment as a matter of law as to the unpaid invoices, stating as follows: "Samuel Bada d/b/a Primecare and d/b/a New Primecare is personally liable for the debts invoiced to Primecare and/or New Prime Care . . . due to him being the sole owner/operator of said clinic during all pertinent times." On September 17, 2020, Dr. Bada filed a motion to vacate the order granting summary judgment. The trial court entered an order dated November 30, 2020,

---

[2] Prime Care Clinic, PLLC was administratively dissolved by the State of Tennessee on March 9, 2007, and has remained administratively dissolved since that date. New PrimeCare Clinics Inc. was administratively dissolved by the State of Tennessee on August 21, 2006, and has remained administratively dissolved since that date.

[3] Based upon our review of the record, there was only a single request for admission which involved the unpaid invoices.

denying Dr. Bada's motion to vacate. Dr. Bada thereafter appealed to this Court.

## ISSUES PRESENTED

As we perceive it, the issues Dr. Bada raises on appeal are as follows, slightly restated:

1. Whether the trial court erred in treating the unpaid invoices as an admitted fact.
2. Whether the matter should have been resolved on the merits.

## STANDARD OF REVIEW

A grant of summary judgment is a matter of law and we review it *de novo*, without a presumption of correctness. *Rye v. Women's Care Ctr. Of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Tenn. R. Civ. P. 56.04). "A disputed fact presents a genuine issue if 'a reasonable jury could legitimately resolve that fact in favor of one side or the other.'" *State ex rel. Slatery v. HRC Med. Ctrs., Inc.*, 603 S.W.3d 1, 17 (Tenn. Ct. App. 2019) (quoting *Perkins v. Metro. Gov't of Nashville*, 380 S.W.3d 73, 80 (Tenn. 2012)). As part of our summary judgment review, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*

## DISCUSSION

*Whether the Trial Court Erred in Treating the Unpaid Invoices as an Admitted Fact*

In the proceedings below, the trial court found that Dr. Bada had failed to respond to Masterfit's request for admission concerning the unpaid invoices from Masterfit. Specifically, the trial court found that "[t]he cumulative unpaid invoices from Masterfit Medical Supply to [Dr. Bada] are admitted in the total amount of $36,131.69 due to [Dr. Bada's] answer not complying with the requirements of TRCP 36.01." Rule 36.01 of the Tennessee Rules of Civil Procedure states, in pertinent part:

> A party may serve upon any other party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02 set forth in the request that relate to (a) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents.
>
> . . . .

Each matter of which an admission is requested shall be separately set forth. **The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney**, but unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon the defendant.

Tenn. R. Civ. P. 36.01 (emphasis added). Pursuant to Rule 36.02, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Tenn. R. Civ. P. 36.02.

Masterfit had previously sent Dr. Bada a request for admission concerning the unpaid invoices. When Dr. Bada failed to respond, pursuant to Rule 36.01, the trial court deemed the request for admission to be admitted. As a result of this admission, the trial court found there to be $36,131.69 in unpaid invoices for which Dr. Bada was liable.[4] At no point did Dr. Bada file a motion under Rule 36.02 to have the admission withdrawn or amended. Moreover, in neither his response to Masterfit's motion for summary judgment, nor in his motion to vacate the grant of summary judgment, did he ever request that his admission be amended or withdrawn.

Dr. Bada's argument on appeal fails to address the plain requirements of Rule 36.02, which clearly states that "[a]ny matter admitted under this rule is conclusively established **unless the court on motion** permits withdrawal or amendment of the admission." Tenn. R. Civ. P. 36.02 (emphasis added). Based on our review of the record, no motion was ever made pursuant to Rule 36.02 to withdraw or amend Dr. Bada's admission concerning the invoices. Although Dr. Bada asserts that no such motion is required and attempts to rely on cases stemming from other jurisdictions and federal case law in support of this contention, we do not find those cases to be persuasive with regard to the case now before us. Moreover, we are not convinced the present set of facts warrant a deviation from the

---

[4] The trial court again noted this in its grant of summary judgment in favor of Masterfit, stating:

> Initially the Court notes that in an order dated April 28, 2020 styled "Order on Status Conference and Order Granting Motion to Compel Discovery and/or for Sanctions filed by Plaintiff Masterfit Medical Supply" this Court in paragraph C of that order as sanctions for [Dr. Bada's] failure to complete discovery and/or due to violations of T.R.C.P. 36.01[,] order[ed] and found that the amount $36,131.69 of cumulative unpaid invoices are admitted as being genuine, due and outstanding unpaid invoices to Primecare and/or New Primecare.

plain language provided in the rules. Rule 36.02 clearly states that such admissions may be amended or withdrawn by the trial court "on motion." *See* Tenn. R. Civ. P. 36.02.[5] Here, no such motion was ever filed on behalf of Dr. Bada, and we conclude that the trial court did not err in deeming the admission admitted pursuant to Rule 36.01 concerning the unpaid invoices. *See also Neely v. Velsicol Chem. Corp.*, 906 S.W.2d 915, 917–18 (Tenn. Ct. App. 1995) ("The record does not indicate that Neely moved to withdraw or amend the admissions. As a result, we find them to conclusively establish that Neely's alleged injuries are not due to any act of negligence or breach of warranty by Velsicol. Therefore, we find that no genuine issue of material facts exist[sic] for a jury to determine.").

*Whether the Case Should Have Been Resolved on the Merits*

Dr. Bada's second issue on appeal concerns whether the trial court should "hear the merits of the case." Specifically, Dr. Bada contends that the trial court's grant of summary judgment "without consideration of the evidence" is "tantamount to erosion of the spirit of justice in this state." We do not find merit in Dr. Bada's contention in this regard.

We note that, despite Dr. Bada's argument on appeal, summary judgment does in fact involve the merits of a particular matter. As we stated previously, summary judgment "is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rye*, 477 S.W.3d at 250 (quoting Tenn. R. Civ. P. 56.04). Thus, "[w]hen a court determines, consistent with the standards in Tennessee Rule 56, that no genuine issue of material fact exists and grants summary judgment, the case *has been decided on the merits*." *Id.* at 262. Here, the trial court found that "after review of the statement of material facts filed by [Masterfit], the exhibits and statements of counsel there is no genuine issue as to any material fact and that Plaintiff Masterfit Medical Supply is entitled to a judgment as a matter of law." Based on our review of the record, we conclude that the trial court did in fact decide the present matter on the merits in granting summary judgment in favor of Masterfit. Therefore, we also reject Dr. Bada's argument in this regard and affirm the trial court's order.

---

[5] Rule 7.02 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

(1)  An application to the court for an order **shall be by motion** which, unless made during a hearing or trial, shall be made in writing[.]

Tenn. R. Civ. P. 7.02(1) (emphasis added).

## CONCLUSION

Based on the foregoing, we affirm the trial court's grant of summary judgment in favor of Masterfit.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE
