IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 3, 2025

## BUILDERS FIRSTSOURCE, INC. ET AL. v. AXIS DYNAMICS, INC. ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-63-23   E. Jerome Melson, Judge**

_____

**No. E2023-01702-COA-R3-CV**

_____

Appellant, as personal guarantor for a third party, signed a credit agreement with appellee. After obtaining a default judgment against the third party in a separate lawsuit, appellee filed suit in the general sessions court to collect the judgment from appellant as the third party's guarantor. Appellee obtained a default judgment against appellant, and appellant appealed to the circuit court. Appellant did not respond to appellee's request for admissions. Appellee moved for summary judgment, arguing that appellant's failure to respond to the request for admissions deemed them admitted and the admissions provided the basis for the undisputed material facts in support of the motion. Appellant failed to respond to the motion for summary judgment, and the trial court granted it. Appellant appeals. Discerning no error, we affirm the trial court's grant of summary judgment, and award appellee damages for frivolous appeal, including appellate attorney's fees.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Van R. Irion, Knoxville, Tennessee, for the appellant, Russell L. Egli.

Frederick L. Conrad, Jr., Knoxville, Tennessee, for the appellee, Builders FirstSource, Inc.

### OPINION

### I. Background

On September 26, 2018, Axis Dynamics, Inc. ("Axis") entered into a credit

agreement with Builders FirstSource, Inc. ("Builders FirstSource" or "Appellee") for lumber, landscaping materials, and irrigation supplies. Wendy Rose signed the Credit Application and Agreement ("Credit Agreement") as CEO of Axis, and Russell Egli ("Appellant") signed it as personal guarantor. In pertinent part, the "Guaranty and Suretyship" provision of the Credit Agreement stated that "[e]ach person who sign[ed] [the] guarantee/application c[ould] personally be held jointly or severally liable for all amounts owing without suit having been filed first."

In June 2020, Builders FirstSource filed a lawsuit in the General Sessions Court of Knox County ("General Sessions Court") against Axis and Mr. Egli, as personal guarantor for Axis, seeking $19,968.52 plus interest and reasonable attorney's fees. On May 5, 2021, the General Sessions Court entered a default judgment for $22,240.26 against Axis in favor of Builders FirstSource. As to Mr. Egli, the General Sessions Court dismissed him without prejudice because Builders FirstSource was unable to obtain service of process on him. Axis did not file an appeal. The docket number for that case was 20727K ("First Suit").

On January 12, 2022, Builders FirstSource filed a lawsuit in the General Sessions Court against Mr. Egli, as personal guarantor for Axis. The docket number for that case was 43925K ("Second Suit"). The Second Suit sought to recover:

> [the b]alance due on judgment entered against Axis [], docket number 20727K in the [General Sessions Court] on the 5th day of May 2021 for which [Mr. Egli] is a personal guarantor in the amount of $22,240.26 plus interest at 5.25% per annum and reasonable attorney fees as provided by contract.

On January 18, 2023, after multiple attempts to serve Mr. Egli, his wife accepted service of process at their residence.

On February 22, 2023, the General Sessions Court entered a default judgment against Mr. Egli, as personal guarantor for Axis, for $29,779.20, which included the underlying judgment of $22,240.26, plus interest and attorney's fees. On March 2, 2023, Mr. Egli, acting *pro se*, appealed the default judgment to the Circuit Court for Knox County ("trial court").

On March 10, 2023, Builders FirstSource mailed a letter to Mr. Egli's residence, enclosing interrogatories, a request for production of documents, and a request for admissions.

On March 29, 2023, Darren Berg filed a notice of appearance as Mr. Egli's counsel. On April 10, 2023, Mr. Egli filed a motion to dismiss the Second Suit because Builders FirstSource did not serve Mr. Egli with process in the *First Suit*. That same day, Mr. Egli filed a motion to stay discovery and for a protective order, asking the trial court to stay discovery, including Mr. Egli's response to the request for admissions, until the trial court

heard the motion to dismiss. On April 28, 2023, Mr. Egli filed a second motion to stay discovery and for a protective order. He never set these motions for a hearing.

On May 1, 2023, Builders FirstSource filed a motion to compel Mr. Egli's answers to discovery and a response to Mr. Egli's motion to stay. Therein, Builders FirstSource asked the trial court to compel Mr. Egli to respond to the interrogatories and requests for production of documents and to deny Mr. Egli's motion to stay as to the request for admissions. That same day, Builders FirstSource responded to the motion to dismiss, asking the trial court to deny it and arguing that Mr. Egli successfully evaded service of process in the First Suit such that the case against him was dismissed without prejudice.

Also, on May 1, 2023, Builders FirstSource filed a motion for summary judgment, seeking to enforce the judgment from the First Suit against Mr. Egli, as personal guarantor for Axis. In the statement of undisputed material facts, Builders FirstSource listed several facts from the request for admissions, discussed *infra*, that it argued were deemed admitted due to Mr. Egli's failure to respond to the discovery. Relying on these facts, Builders FirstSource alleged that there were no disputed material facts and that it was entitled to a judgment against Mr. Egli. Builders FirstSource's counsel certified that the motion for summary judgment was mailed to Mr. Berg. Mr. Egli never responded to the motion for summary judgment.

On June 21, 2023, Builders FirstSource's counsel filed correspondence with the clerk's office requesting that all pending motions be set for a hearing. On June 30, 2023, the Knox County Circuit Court Clerk's Office mailed notices to Builders FirstSource's counsel and to Mr. Berg, notifying them that the motion to dismiss, motion to stay and for a protective order, motion for summary judgment, and motion to compel discovery answers were set for a hearing on July 14, 2023. On July 1, 2023, Mr. Berg received the Clerk's notice via an automatically generated email. None of the notices to counsel were returned to the Clerk's Office.[1]

On July 14, 2023, the trial court heard Mr. Egli's motions to dismiss, to stay, and for a protective order and Builders FirstSource's motions for summary judgment and to compel discovery responses. Neither Mr. Berg nor Mr. Egli attended the hearing. By order entered the same day, the trial court denied the motions to dismiss, to stay, and for a protective order. Additionally, the trial court found that, because Mr. Egli failed to answer the requests for admissions, they were deemed admitted. These admissions formed the basis for the facts listed in the statement of undisputed material facts in support of the motion for summary judgment. The trial court also found that Mr. Egli failed to respond to the motion for summary judgment, including the statement of undisputed material facts. Accordingly, the trial court adopted, in full, all facts set out in the statement of undisputed

_____

[1] On April 11, 2024, the trial court entered a Statement of the Evidence. Some of these background facts are taken from that statement.

material facts.  In doing so, the trial court found that there was no dispute as to any material fact and that Builders FirstSource was entitled to summary judgment.  Thus, the trial court granted the motion and entered a judgment for $29,779.20 in favor of Builders FirstSource against Mr. Egli, as personal guarantor for Axis.

On July 25, 2023, Mr. Berg was temporarily suspended from the practice of law.  On August 14, 2023, Mr. Egli, through Attorney Joseph Smith, filed a motion to alter or amend.  In the motion, Mr. Egli made several extraneous arguments, but he never addressed the trial court's grant of the motion for summary judgment.  Relevant here, he argued, *inter alia*, that: (1) the default judgment against Axis in the First Suit should be set aside; (2) Mr. Egli was not properly served in the Second Suit; (3) the General Sessions Court was without authority to enter a default judgment against Mr. Egli in the Second Suit; (4) Mr. Egli did not receive notice concerning a hearing on the motion for summary judgment, and the trial court heard the motion *ex parte*; and (5) Builders FirstSource could not conduct business in Tennessee because it was not registered as a "foreign" corporation in Tennessee.  On September 18, 2023, Builders FirstSource filed a response to the motion.

On October 27, 2023, the trial court heard the motion to alter or amend and, by order of November 6, 2023, denied it.  In the order, the trial court stated that Attorney Smith admitted the following at the hearing: (1) the July 14, 2023 order granted a motion for summary judgment based on Mr. Egli's failure to answer the request for admissions, not a default judgment as argued in the motion to alter or amend; (2) Mr. Egli never sought to amend or withdraw the admissions; and (3) Mr. Egli failed to respond to the motion for summary judgment and failed to file any response to the statement of undisputed material facts.  Mr. Egli filed a timely notice of appeal.

## II. Discussion

Mr. Egli's appellate brief wholly fails to provide a statement of issues for our review.  This Court could dismiss the appeal on this basis alone.  *See* Tenn. R. App. P. 27(a)(4); **Hodge v. Craig**, 382 S.W.3d 325, 334 (Tenn. 2012) (citing Tenn. R. App. P. 13(b)) ("Appellate review is generally limited to the issues that have been presented for review."); **Hawkins v. Hart**, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("Courts have consistently held that . . . [a]n issue not included [in the statement of issues] is not properly before the Court of Appeals.").  However, we conclude that Mr. Egli's failure to provide a statement of issues does not preclude our review.  Tenn. R. App. P. 2 ("For good cause, . . . [this Court] may suspend the requirements or provisions of any of [the Tennessee Rules of Appellate Procedure] in a particular case on . . . its [own] motion . . . .").  In the Table of Contents of Mr. Egli's brief, two subheadings appear under "Argument," to-wit:

I.      Tennessee law requires foreign corporations to be registered with the Tennessee Secretary of State as a foreign entity and failure to do so precludes such a corporation from using the Tennessee Courts for

business transacted in Tennessee[.]

> II.    Mr. Egli was never served with process and the judgment entered against him by previously recused Judge Cernby [sic] renders the judgment against him void[.]

Although not listed in the Table of Contents, an additional subheading appears under the "Argument" portion of Mr. Egli's brief:

> III.   In the alternative for remanding this matter with a mandate to vacate the void judgment, this Court should remand and mandate that [Mr. Egli] receive a proper new trial pursuant to the requirement by Tennessee law that appeals from the general sessions courts of this state start as a brand-new trial before the circuit court, otherwise known as de novo.

In the interest of adjudicating the appeal on its merits and exercising our discretion under Tennessee Rule of Appellate Procedure 2, we will consider the foregoing subheadings to be Mr. Egli's statement of the issues.

As Appellee, Builders FirstSource presents two issues for review, as stated in its brief:

> 1. The Appellant did not list any issues for review, and their appeal should be dismissed.

> 2. Appellee requests the Court of Appeals grant the additional attorney fees over those granted by the Knox County Circuit Court for time and effort expended in dealing with Appellant's frivolous appeal.

Although we decline to dismiss Mr. Egli's appeal for his failure to provide a statement of issues, we address Builders FirstSource's second issue, *infra*.

Before turning to the issues, we briefly discuss the substance of Mr. Egli's appellate brief. The bulk of the brief is copied and pasted from Mr. Egli's motion to alter or amend. Only Mr. Egli's arguments as to the third issue appear to be new. As such, many of Mr. Egli's citations in support of his alleged "facts" are to exhibits and not to the actual record. We do not consider these "facts." Tenn. R. Ct. App. 6(b) ("No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded."); *see also* Tenn. R. App. P. 27(a)(7)(A). Where there is citation to the record, the cited references often do

not support the fact being alleged. Mr. Egli also makes several arguments concerning the judgment awarded in the First Suit, where he was dismissed without prejudice. As discussed above, the First Suit and the Second Suit were separate cases. Axis did not appeal the judgment entered in the First Suit. As such, it is a final judgment as to Axis. *See Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009) ("As a general rule, a trial court's judgment becomes final thirty days after its entry unless a party files a timely notice of appeal or specified post-trial motion."). Although the trial court entered an order holding Mr. Egli personally liable for that judgment, the underlying foundation for that judgment and the amount of that judgment are not at issue in this appeal. Accordingly, we do not address Mr. Egli's arguments concerning the First Suit. While it is exceptionally difficult to follow the remaining arguments in Mr. Egli's brief, we endeavor to address them below.

As to the first issue, Mr. Egli argues that Builders FirstSource does not have legal authority to transact business in Tennessee. On our review, this issue was first presented to the trial court in the motion to alter or amend. A motion to alter or amend is only filed *after* entry of the judgment. Tenn. R. Civ. P. 59.04. This is because "[t]he purpose of a . . . . motion to alter or amend . . . is to provide the trial court with an opportunity to correct errors before the judgment becomes final." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005). As such, these motions "should not be used to raise or present new, previously untried or unasserted theories or legal arguments." *Id.* A motion to alter or amend "should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice." *Id.* Mr. Egli had sufficient opportunity to present to the trial court his argument that Builders FirstSource does not have legal authority to transact business in Tennessee, but he waived this issue by failing to timely raise it in the trial court. Accordingly, it was not error for the trial court to refuse to consider the issue.

Next, Mr. Egli argues that he was not properly served with process in the Second Suit such that the General Sessions Court had no personal jurisdiction over him. The time frame during which a defendant may raise the defense of lack of personal jurisdiction is fleeting. The defense may be raised "at the same time other defenses are raised [and] [w]aiver occurs only if there is no objection to personal jurisdiction in the first filing, either a Rule 12 motion [to dismiss] or an answer." *Landers v. Jones*, 872 S.W.2d 674, 676 (Tenn. 1994). This is also the proper procedure for preserving an objection to personal jurisdiction when appealing a judgment from general sessions court to circuit court. *See generally Wachovia Bank Card Servs. v. Overton*, No. 03A01-9510-CV-00373, 1996 WL 64004 (Tenn. Ct. App. Feb. 15, 1996) (finding that the defendant properly preserved the issue of whether the general sessions court obtained personal jurisdiction over him when his first filing in circuit court was a motion to dismiss arguing the issue of personal jurisdiction). A defendant waives the right to contest a lack of personal jurisdiction "by making a voluntary 'general appearance' before the court in order to defend the suit on the merits[.]" *Landers*, 872 S.W.2d at 675 (citing *Dixie Savings Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988); *Tenn. Dep't of Human Servs. v. Daniel*, 659

S.W.2d 625, 626 (Tenn. Ct. App. 1983)).

Like his previous issue, Mr. Egli first raised the issue of personal jurisdiction with the trial court in the motion to alter or amend. This was improper, *see In re M.L.D.*, 182 S.W.3d at 895, and untimely. *See Landers*, 872 S.W.2d at 676; *Wachovia Bank Card Servs.*, 1996 WL 64004. On March 29, 2023, Mr. Berg filed a Notice of Appearance requesting that he "be entered as attorney of record for Mr. Egli and [that] all further pleadings, notices and other documents be forwarded to [him]." Thereafter, on April 10, 2023, Mr. Egli filed a motion to stay discovery and for protective order, asking the trial court to stay discovery pending hearing on Mr. Egli's motion to dismiss, which was filed the same day. Concerning the motion to dismiss, Mr. Egli argued that the Second Suit should be dismissed because Builders FirstSource failed to join Mr. Egli as a party in *the First Suit* when it failed to serve Mr. Egli with process in *the First Suit*. So, while Mr. Egli filed a motion to dismiss concerning service of process, he elected not to argue the issue of personal jurisdiction as to *the Second Suit*. This resulted in Mr. Egli's waiver of this issue.[2]

Concerning his final issue, Mr. Egli argues, without providing any support for his claim, that the trial court failed to conduct a *de novo* review of the case on appeal from the General Sessions Court. Tennessee Code Annotated sections 16-15-729 and 27-5-108 authorize *de novo* appeals from general sessions courts to circuit courts. Tenn. Code Ann. § 16-15-729; Tenn. Code Ann. § 27-5-108(a)(1), (c). This Court has explained that these appeals "entail 'an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court.'" *Haywood v. Trexis Ins. Corp.*, No. W2020-00418-COA-R3-CV, 2021 WL 1343562, at *3 (Tenn. Ct. App. Apr. 12, 2021) (quoting *Ware v. Meharry Medical College*, 898 S.W.2d 181, 184 (Tenn. 1995) (citing *Teague v. Gooch*, 333 S.W.2d 1, 3 (Tenn. 1960); *Odle v. McCormack*, 206 S.W.2d 416, 419 (Tenn. 1947); *Braverman v. Roberts Constr. Co.*, 748 S.W.2d 433, 435 (Tenn. Ct. App. 1987); Lawrence A. Pivnick, Tennessee Circuit Court Practice, § 3-10, at 115 (3d ed. 1991))).

On March 2, 2023, Mr. Egli filed his appeal from the General Sessions Court to the trial court. In doing so, the case began anew, and Mr. Egli was entitled to "an entirely new trial" as if the case had originated in the trial court. From our review, the trial court conducted a *de novo* review. As discussed above, this case was decided on the trial court's grant of summary judgment due to Mr. Egli's failure to respond to: (1) the request for admissions; (2) the statement of undisputed material facts; and (3) the motion for summary judgment. Contrary to Mr. Egli's argument, the trial court did not simply affirm the General Sessions Court's entry of a default judgment.[3]

---

[2] As noted above, Mr. Egli's wife was served with process at their residence after it was determined that Mr. Egli had been evading service. *See* Tenn. R. Civ. P. 4.04(1). The record contains a Declaration of Diligence from Dennis Laney, describing his multiple attempts to serve Mr. Egli.

[3] Given that the trial court reviewed this case under a *de novo* standard, and that our appellate review is limited to the *trial court's* actions, we do not address Mr. Egli's arguments concerning the default judgment entered by the General Sessions Court in the Second Suit.

Although Mr. Egli fails to address why this Court should reverse the trial court's grant of summary judgment, for completeness, we briefly review the issue. A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination. **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997). When a motion for summary judgment is made, "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and **admissions on file**, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (emphasis added).

As discussed above, on March 10, 2023, Builders FirstSource served Mr. Egli with its request for admissions. Under Tennessee Rule of Civil Procedure 36.01, Mr. Egli was required to respond to this discovery within 30 days or the admissions would be deemed admitted. Tenn. R. Civ. P. 36.01. On April 10, 2023, Mr. Egli filed a motion to stay discovery and for a protective order. Based on the fact that Mr. Egli sought a stay of discovery, it is undisputed that Mr. Egli received the request for admissions. Although Mr. Egli filed two motions to stay discovery and for a protective order, he never set these motions for a hearing, and the motions were not granted. Thus, Mr. Egli was required to respond to the request for admissions, but he never did. Mr. Egli's failure to respond resulted in the admissions being deemed admitted. Tenn. R. Civ. P. 36.01. Under Tennessee Rule of Civil Procedure 36.02, "[a]ny matter admitted under this rule is **conclusively established** unless the court on motion permits withdrawal or amendment of the admission." Tenn. R. Civ. P. 36.02 (emphasis added); *see also* **Tennessee Dep't of Hum. Servs. v. Barbee**, 714 S.W.2d 263, 266 (Tenn. 1986) ("Unanswered requests for admission are deemed admitted and the matter requested is conclusively established for the purposes of the pending case.").

On May 1, 2023, Builders FirstSource filed its motion for summary judgment, seeking to enforce the judgment from the First Suit against Mr. Egli, as personal guarantor for Axis. In the motion, Builders FirstSource argued that it was entitled to summary judgment due to Mr. Egli's failure to respond to the request for admissions. Faced with Builders FirstSource's motion, Mr. Egli did not respond to the request for admissions, nor did he move for withdrawal or amendment of the admissions. *See* Tenn. R. Civ. P. 36.02. Accordingly, the facts set out in the request for admissions were deemed to have been conclusively established and could form the basis for Builders FirstSource's statement of undisputed material facts in support of the motion for summary judgment. *See generally* **Neely v. Velsicol Chem. Corp.**, 906 S.W.2d 915 (Tenn. Ct. App. 1995). As such, the following material facts were conclusively established: (1) the Credit Agreement was a true copy of the contract underlying Axis' indebtedness to Builders FirstSource; (2) Mr. Egli executed the "Guaranty and Suretyship" portion of the Credit Agreement; (3) on May 5, 2021, the General Sessions Court entered a judgment in the First Suit for $22,240.26 against Axis in favor of Builders FirstSource; (4) Mr. Egli was a personal guarantor for

Axis' indebtedness in the First Suit; (5) because Axis did not appeal the judgment from the First Suit, it was a final judgment; (6) neither Axis nor Mr. Egli satisfied the judgment owed to Builders FirstSource; and (7) the Second Suit was filed against Mr. Egli, as personal guarantor for Axis, for the balance of the judgment owed in the First Suit. Mr. Egli failed to respond to the motion for summary judgment or to the statement of undisputed material facts. Thus, each of the foregoing facts were deemed undisputed. ***Brennan v. Goble***, No. E2020-00671-COA-R3-CV, 2021 WL 2156443, at *7 (Tenn. Ct. App. May 27, 2021) ("Because Plaintiff did not respond to Defendant's statement of material facts, we determine that the Trial Court did not err by ruling that Defendant's statement of material facts was deemed admitted and in relying on those facts to conclude that Defendant had negated an essential element of Plaintiff's claim."). These undisputed facts conclusively established that: (1) a judgment for $22,240.26 was entered against Axis in favor of Builders FirstSource; and (2) as personal guarantor for Axis, Mr. Egli was liable for the judgment against Axis. Furthermore, the Credit Agreement, which was included as an exhibit to the motion for summary judgment, stated:

> Applicant agrees that all amounts past due shall bear interest at the rate of eighteen percent per annum or the maximum amount allowed by law until paid and agrees to pay to [Builders FirstSource], in addition to the amount due, reasonable attorney's fees, collection agency fees, court costs and other costs incurred in the normal course of collecting the debt.

As discussed above, the "Guaranty and Suretyship" provision of the Credit Agreement stated that "[e]ach person who sign[ed] [the] guarantee/application c[ould] personally be held jointly or severally liable ***for all amounts owing*** . . . ." (Emphasis added). Based on the foregoing, Builders FirstSource was entitled to a judgment against Mr. Egli for the $22,240.26 judgment entered against Axis in the First Suit plus interest, reasonable attorney's fees, court costs, "and other costs incurred in the normal course of collecting the debt." Accordingly, the trial court did not err in granting the motion for summary judgment, and we affirm this order.

### III. Frivolous Appeal Damages and Attorney's Fees

Builders FirstSource asks this Court to award appellate attorney's fees under the Credit Agreement and further asserts that Appellant's appeal is frivolous and requests frivolous appeal damages under Tennessee Code Annotated section 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "An appeal is frivolous when it has 'no reasonable chance of success,' ***Jackson v. Aldridge***, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999), or is 'so utterly devoid of merit as to justify the imposition of a penalty.'" ***Whalum v. Marshall***, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006) (quoting ***Combustion Eng'g, Inc. v. Kennedy***, 562 S.W.2d 202, 205 (Tenn. 1978)). Whether an award of frivolous appeal damages is warranted rests solely in this Court's discretion, ***Chiozza v. Chiozza***, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009), and we exercise such discretion "sparingly so as not to discourage legitimate appeals." ***Whalum***, 224 S.W.3d at 181. For many of the reasons discussed above, we grant Builders FirstSource's request for frivolous-appeal damages. First, Mr. Egli failed to provide a statement of issues for this Court's review. Second, most of Mr. Egli's "arguments" are based on "facts" that are not only unsupported by the record but concern issues that are unrelated to this appeal. Furthermore, through his own inaction, Mr. Egli waived two of the three issues he argued on appeal. Finally, Mr. Egli wholly failed to discuss the dispositive issue in this case, *i.e.,* the grant of the motion for summary judgment. From the foregoing, Mr. Egli's appeal had no "reasonable chance of success," ***Jackson***, 6 S.W.3d at 504, and Builders FirstSource is entitled to its reasonable appellate attorney's fees and costs based on frivolous appeal. Additionally, we note that the Credit Agreement allows for reasonable attorney's fees and court costs. Thus, we grant Builders FirstSource's request for reasonable appellate attorney's fees and costs.

## IV. Conclusion

For the foregoing reasons, the trial court's order is affirmed. Builders FirstSource is awarded frivolous-appeal damages. Additionally, Builders FirstSource is entitled to reasonable appellate attorney's fees and costs under the Credit Agreement. The case is remanded to the trial court for such further proceedings as are necessary and consistent with this opinion and for calculation of such damages and fees and for entry of judgment on same. Costs of the appeal are assessed to the Appellant, Russell L. Egli. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE
